**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:25-cv-24748**

**ANN O'MALLEY,**

Plaintiff,

v.

**PRINCESS CRUISE LINES, LTD.,**

Defendant.
_________________________________/

**DEFENDANT'S MOTION TO DISMISS COUNTS I AND II OF PLAINTIFF'S AMENDED COMPLAINT AND MOTION TO STRIKE**

Defendant, PRINCESS CRUISE LINES, LTD. ("Princess"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), moves to dismiss Counts I, II, and IV of Plaintiff's Amended Complaint [ECF No. 9], and moves to strike Paragraph 72o., and states as follows:

## I. INTRODUCTION

ANN O'MALLEY ("Plaintiff") alleges she suffered a stroke while sailing onboard the *Emerald Princess* cruise ship in February of 2024. On November 14, 2025, Princess filed a Motion to Dismiss Plaintiff's initial Complaint. [ECF No. 7]. Subsequently, Plaintiff filed the operative four-count Amended Complaint against Princess for (1) Negligence; (2) Negligence of Non-Medical Personnel (Vicarious Liability Based Upon Actual Agency/Respondeat Superior); (3) Negligence of Medical Personnel (Vicarious Liability Based Upon Actual Agency/Respondeat Superior); and (4) Negligence of Medical Personnel (Vicarious Liability Based Upon Apparent Agency). [ECF No. 9.]

Defendant now seeks dismissal of Counts I and II of Plaintiff's Amended Complaint for failure to state a cause of action, for many of the same deficiencies that were present in the initial Complaint. Specifically, Count I, generally titled "Negligence" constitutes an impermissible shotgun pleading as it commingles theories of direct and vicarious liability within the same cause of action.

Count II should further be dismissed for failure to state a claim for vicarious liability, as Plaintiff fails to identify a specific crewmember and instead broadly lists categories of potential crewmembers and employees. Notably, Plaintiff includes allegations against categories of non-Princess associated individuals such as "Port Agent(s), and/or employees of Care Office USA" thus warranting dismissal against Princess.

Further, Paragraph 72o. should be stricken from Count IV as there is no viable cause of action under general maritime law for negligent or inadequate "procedures and policies," and thus the allegation cannot support any viable claim.

Thus, this Court should dismiss Counts I and II of Plaintiff's Amended Complaint, and strike Paragraph 72o., as a matter of law.

## II. LEGAL STANDARDS

### a. <u>Motion to Dismiss</u>

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955 (citation omitted). Indeed, "only a

complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937 (citing *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955).

To meet this "plausibility standard," a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678, 129 S.Ct. 1937 (citing *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955). The standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955). "[T]he standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the required element." *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309–10 (11th Cir. 2008) (quoting *Twombly*, 550 U.S. at 545, 127 S.Ct. 1955).

On a motion to dismiss, "the court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff." *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016). Unsupported factual allegations and legal conclusions, however, receive no such deference. *See Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). A complaint's "well-pled allegations must 'nudge the claims across the line from conceivable to plausible.' " *Hays v. Page Perry, LLC*, 627 F. App'x 892, 896 (11th Cir. 2015) (cleaned up) (quoting *Twombly*, 550 U.S. at 555, 570, 127 S.Ct. 1955).

**b. Shotgun Pleadings**

A complaint in federal court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "When a plaintiff files a shotgun pleading, he fails to satisfy these basic requirements. Such a pleading is never plain because it is impossible to comprehend which specific factual allegations the plaintiff intends to support which

of his causes of action, or how they do so." *Est. of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (11th Cir. 2020). The Eleventh Circuit has identified four classes of shotgun pleadings. These are pleadings that:

> (1) contain multiple counts where each adopts the allegations of all preceding counts; (2) are filled with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) do not separate each cause of action or claim into separate counts; or (4) assert multiple claims against multiple defendants but do not specify which defendant is responsible for which acts or omissions.

*Brown v. Air Line Pilots Ass'n*, 813 F. App'x 353, 355 (11th Cir. 2020) (cleaned up). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015).

**c. <u>General Maritime Law</u>**

In cases involving alleged torts "committed aboard a ship sailing in navigable waters," the applicable substantive law is general maritime law, the rules of which are developed by the federal courts. *Keefe v. Bahama Cruise Line*, 867 F.2d 1318, 1320 (11th Cir. 1989) (citing *Kermarec v. Copagnie Generale Transatlantique*, 358 U.S. 625, 628 (1959)); *see also Everett v. Carnival Cruise Lines*, 912 F.2d 1355, 1358 (11th Cir. 1990) ("Because this is a maritime tort, federal admiralty law should control. Even when the parties alleged diversity of citizenship as the basis of the federal court's jurisdiction (as they did in this case), if the injury occurred on navigable waters, federal maritime law governs the substantive issues in the case."). In the absence of well-developed maritime law, courts may supplement the maritime law with general common law and state law principles. *See Smolnikar v. Royal Caribbean Cruises, Ltd.*, 787 F.Supp.2d 1308, 1315 (S.D. Fla. 2011).

To allege a negligence claim against a shipowner directly for its own negligence, "a plaintiff must allege that (1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm." *Franza v. Royal Caribbean Cruises, Ltd.*, 772 F.3d 1225, 1253 (11th Cir. 2014) (quoting *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012)). "With respect to the duty element in a maritime context, 'a shipowner owes the duty of exercising reasonable care towards those lawfully aboard the vessel who are not members of the crew.' " *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 720 (11th Cir. 2019) (quoting *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 630, 79 S.Ct. 406, 3 L.Ed.2d 550 (1959)). "This standard 'requires, as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of [a] risk-creating condition, at least where, as here, the menace is one commonly encountered on land and not clearly linked to nautical adventure.' " *Id.* (alteration in original) (quoting *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989)); *see also Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1334 (11th Cir. 1984) (explaining that a shipowner "is not liable to passengers as an insurer, but only for its negligence").

**a. Count I Improperly Commingles Claims of Direct and Vicarious Liability and Should be Dismissed as a Shotgun Pleading**

"Pleading a direct negligence claim together with a vicarious liability claim, under these circumstances, is improper, confusing, and violates Rule 10(b)." *Wohlford v. Carnival Corp.*, No. 1:17-cv-20703-UU, 2017 WL 7731225, at *3 (S.D. Fla. May 11, 2017); *Gharfeh v. Carnival Corp.*, NO. 17-20499-CIV-GOODMAN, 2018 WL 501270, at *6 (S.D. Fla. Jan. 22, 2018) (finding that single count which commingled claims of vicarious liability with allegations of direct negligence constituted an impermissible shotgun pleading); *see also McFee v. Carnival Corp.*, No.

19-22917-CIV-LENARD/O'SULLIVAN, 2019 WL 13389094, at * 15 (S.D. Fla. February 3, 2020) (discussing improper commingling of claims); *Smith*, 2022 WL 16791783, at *3. Under general maritime law, vicarious liability holds "an otherwise non-faulty employer [can] be held liable for the negligent acts of [an] employee acting within the scope of employment." *Holland v. Carnival Corp.*, 50 F.4th 1088 (11th Cir. 2022). To prove negligence, "a plaintiff must show that (1) the tortfeasor had a duty to protect the plaintiff from a particular injury, (2) the tortfeasor breached that duty, (3) the breach actually and proximately caused the plaintiff's injury, and (4) the plaintiff suffered actual harm." *Yusko v. NCL (Bahamas) Ltd.*, 4 F.4th 1164, 1167-68 (11th Cir. 2021).

In Count I of the Amended Complaint, Plaintiff did not fully resolve the deficiencies from the initial Complaint as Count I sets forth alleged duties owed by Princess as a shipowner yet alleges numerous breaches by Princess's crewmembers. The commingling of direct and vicarious liability claims constitutes an improper shotgun pleading, as violative of the federal pleading rules. *See Smith v. Carnival Corp. & PLC*, No. 22-CV-22853, 2022 WL 16791783, at *3 (S.D. Fla. Nov. 8, 2022) (dismissing vicarious liability claim for same failure); *Roussel v. Carnival Corp.*, No. 22-CV-24087-HUCK, ECF No. 15, (S.D. Fla. Mar. 10, 2023) (dismissing vicarious liability claim for same failure); *see also David v. Carnival Corp.*, No. 22-CV-24155-RAR, ECF No. 33, (S.D. Fla. Aug. 21, 2023) (granting in part a Motion to Dismiss for blending the standards for direct and vicarious liability, "which the Eleventh Circuit has found to be improper.").

For example, Plaintiff alleges in Count I that ***<u>Princess</u>*** was directly negligent for its:

> a. failure to timely assess the Mrs. O'Malley medical condition;
> b. failure to provide the Mrs. O'Malley with prompt and/or proper shipboard medical care, including but not limited to the provision of appropriate medications;
> c. failure to furnish the Mrs. O'Malley such medical advice, aid and/or assistance as an ordinarily prudent person would render under similar circumstances;

[ECF No. 9 at ¶49 a-c [sic]]. The alleged breaches in paragraphs 49 a-c. relate to claims against Princess for the purported actions of its medical personnel, thus claiming *vicarious* liability. Direct and vicarious liability have different pleading elements, thus cannot be commingled into one cause of action. *Wohlford*, 2017 WL 7731225, at *3 ("Pleading a direct negligence claim together with a vicarious liability claim, under these circumstances, is improper, confusing and violates Rule 10(b)."); *see also Lawing v. Carnival Corp.*, No. 24-CV-22101, 2024 WL 4723114, at *6 (S.D. Fla. Nov. 8, 2024)(dismissing complaint as shotgun pleading and noting: "Plaintiff's allegations in her direct negligence claim regarding the fault of Defendant's employees are irrelevant to this claim."); *Hagle v. Royal Caribbean Cruises Ltd.*, No. 22-23186-CV, 2023 WL 3571292, at *6 (S.D. Fla. May 2, 2023), *report and recommendation adopted*, No. 22-23186-CV, 2023 WL 3568130 (S.D. Fla. May 19, 2023)("While Plaintiff can travel under a theory of direct liability, vicarious liability, or both for a given claim, they are not the same cause of action. Rather, they are distinct theories of liability, and to assert both in one count is impermissible shotgun pleading.").

Thus, as Count I improperly commingles vicarious liability allegations within its direct liability cause of action against Princess, it is rendered a shotgun pleading, and should be dismissed.

**b. <u>Count II Fails to State a Claim for Vicarious Liability</u>**

Count II does not plead the required elements of vicarious liability and therefore fails. Under general maritime law, vicarious liability holds "an otherwise non-faulty employer [can] be held liable for the negligent acts of [an] employee acting within the scope of employment." *Holland v. Carnival Corp.*, 50 F.4th 1088 (11th Cir. 2022). To prove negligence, "a plaintiff must show that (1) the tortfeasor had a duty to protect the plaintiff from a particular injury, (2) the

tortfeasor breached that duty, (3) the breach actually and proximately caused the plaintiff's injury, and (4) the plaintiff suffered actual harm." *Yusko v. NCL (Bahamas) Ltd*., 4 F.4th 1164, 1167-68 (11th Cir. 2021); *see Holland*, 50 F. 4th at 1094 ("[Plaintiff] did not identify any specific crewmember whose negligence caused [his] injury, much less a specific crewmember whose negligence occurred while acting within the scope of his employment – essential parts of any claim seeking to impose vicarious liability on an employer for an employee's negligence.").

In *Figas v. Princess Cruise Lines, Ltd.*, Judge Altonaga recently dismissed a claim with similar deficiencies. *See Figas v. Princess Cruise Lines, Ltd.*, No. 1:25-cv-23279, ECF No. 19 at *5-6 (S.D. Fla. Sept. 22, 2025)(Altonaga, J.). In *Figas*, within a claim for vicarious liability of crewmembers, the plaintiff failed to identify specific crewmembers and instead listed various categories of non-medical personnel crewmembers "including its officers, directors, employees, agents, servants, shipboard personnel...both on board...and located at Defendant's shore-side offices." *Id.* at *6. "The Court agrees — and Defendant does not contest, that Plaintiff need not identify individual crewmembers by name; still, Plaintiff must do more than identify broad 'categories of personnel.' " *Id*; *compare to McLean v. Carnival Corp.,* No. 22-23187-Civ, 2023 WL 372061, at *3 (S.D. Fla. 2023) (identifying employees who misaligned the gangway of the ship); *Green v. Carnival Corp.,* 614 F. Supp. 3d 1257 (S.D. Fla. 2022) (identifying a crewmember who failed to warn the plaintiff of a dangerous slip and fall condition); *Hunter v. Carnival Corp.*, 609 F. Supp. 3d 1305, 1310 (S.D. Fla. 2022) (identifying a cabin steward who negligently set up the plaintiff's cabin).

Here, there are no allegations identifying any specific crewmember or a duty that crewmember breached that caused Plaintiff's damages. Instead, and similar to the complaint in *Figas*, Plaintiff here alleges:

> PRINCESS, through its non-medical personnel, including its officers, directors, employees, agents, servants and/or persons otherwise authorized to act on behalf of PRINCESS, both on board the *Emerald Princess* and located at PRINCESS'S shore-side offices, owed Mrs. O'Malley the duty of exercising reasonable care under the circumstances.

*See* ECF No. 9 at ¶54 (emphasis added). This allegation is nearly identical to the allegation made in *Figas* which failed to properly identify a specific crewmember, and thus was dismissed for failure to plead a claim for vicarious liability. *Figas*, at *6.

The duty and conduct of the shipowner are irrelevant under a theory of vicarious liability for the negligence of its crew. *See Yusko*, 4 F. 4th at 1169 ("[T]he scope of a shipowner's duty has nothing to do with vicarious liability, which is not based on the shipowner's conduct."). The Amended Complaint also falls short because it does not set forth a factual predicate about the specific employee(s) or describe such employee's negligent acts. *See, e.g., Smith*, 2022 WL 16791783. As such, this Court should dismiss Count II for failure to state a claim for vicarious liability as a matter of law.

## MOTION TO STRIKE

### c. Paragraph 72o. Should be Stricken as There is No Viable Theory of Liability for Negligent Procedures and Policies

Federal Rule of Civil Procedure 12(f) states that the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *DeVito v. Palm Beach County*, No. 23-80730-CIV, 2023 WL 6407224, at *3 (S.D. Fla. Oct. 2, 2023) (citing Fed. R. Civ. P. 12(f)). "The purpose of a motion to strike is to clean up the pleadings, remove irrelevant or otherwise confusing materials, and avoid unnecessary forays into immaterial matters." *Id* (citing *Blake v. Batmasian*, 318 F.R.D. 698, 700 (S.D. Fla. 2017)). A motion to strike will only be granted "if the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *DeVito*, 2023 WL 6407224,

at *3 (striking allegation in Amended Complaint that was prejudicial and has no possible relationship to the controversy at issue) (internal citations omitted).

The Eleventh Circuit in *Malley v. Royal Caribbean Cruises, Ltd.*, 713 F. App'x 905, 910 (11th Cir. 2017) discussed:

> A negligent mode of operation claim is recognized under Florida law as a claim that a business created an unsafe environment through the manner in which it conducts its business. In a Florida negligent mode of operation case, the plaintiff alleges that the company's policies are negligent. The court focuses on the company's general policies and operations, not on the specific incident in which the plaintiff was injured.
>
> No court has ever held that this claim exists in federal admiralty law. All of Plaintiff's citations are to Florida law cases. A basic attribute of a negligent mode of operation claim is at odds with admiralty law's requirement that a cruise ship must have notice of the dangerous condition. Yet, a key feature of a Florida mode of operation claim is that the company need not have notice.

(citations omitted). The *Malley* court ultimately held that the plaintiff could not circumvent maritime law's notice requirement by alleging the shipowner's policies were negligent. *Id*. Courts in this district have followed suit in finding that federal maritime law does not recognize a claim based on a failure to implement risk management procedures. *See Diaz v. Carnival Corp.*, No. 20-cv-22755-Civ-TORRES, 2021 WL 3934138, at * 8 (S.D. Fla. Aug. 20, 2021) (granting summary judgment on shipowner's alleged failure to have certain policies and procedures in place in scooter case, noting "the fundamental flaw with Plaintiff's final two theories of liability lies in the lack of any showing that the alleged breach of failing to have risk management procedures and safety standards is a recognized duty under federal maritime law"); *Quashen v. Carnival Corp.*, No. 1:20-cv-22299-KMM, 2021 WL 5978472, at *24 (S.D. Fla. Dec. 17, 2021) (citing *Malley* and finding federal maritime law does not recognize a claim based on failure to implement risk management procedures); *Perera v. Carnival Corp.*, No. 1:23-24663, 2024 WL 2115489, at *9 (S.D. Fla. Apr. 24, 2024), *report and recommendation adopted*, No. 23-24663-CV, 2024 WL 2113791 (S.D. Fla.

May 10, 2024); *Youngman v. Royal Caribbean Cruises Ltd.*, No. 23-CV-21796, 2023 WL 5206036, at *2 (S.D. Fla. Aug. 14, 2023); *Terry v. Carnival Corp.*, No. 24-cv-22067-Altman, DE 31 (S.D. Fla. Oct. 2, 2024)(granting motion to dismiss similar counts).

As is the case here, Paragraph 72o. within Count IV includes an alleged breach that Princess "failed to develop and institute adequate procedures and policies to address Mrs. O'Malley's medical situation." *See* ECF No. 9 at ¶72o.; *Diaz*, 2021 WL 3934138, at *8; *Quashen*, 2021 WL 5978472, at *24. As failure to establish procedures or policies is not permitted nor recognized as a claim under federal maritime law, the alleged breach related to such claim should be stricken from the Amended Complaint.

WHEREFORE, Defendant, PRINCESS CRUISE LINES, LTD., respectfully requests that this Court dismiss Counts I and II of Plaintiff's Amended Complaint [ECF No. 9], and strike Paragraph 72o., and for any further relief this Court deems just and proper.

Respectfully submitted,

GrayRobinson, P.A.
515 North Flagler Drive, Ste. 650
West Palm Beach, Florida 33401
Tel: (561) 268-5727
Fax: (561) 268-5747

By: */s/ Ashley Genoese*
Michael J. Drahos
Florida Bar No. 0617059
michael.drahos@gray-robinson.com
Ashley Genoese
Florida Bar No. 1019357
ashley.genoese@gray-robinson.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

*/s/ Ashley Genoese*

## SERVICE LIST
## CASE NO. 1:25-cv-24748

Thomas B. Scolaro, Esq.
Scolaro Law
1728 Coral Way, Suite 702
Miami, Florida 33145
Tel: (305) 424-2300
Fax: (305) 424-2140
tom@usinjury.law

Laurence M. Krutchik, Esq.
LMK Legal
7450 SW 172nd Street
Palmetto Bay, Florida 33157
Tel: (305) 527-6866
Fax: (305) 433-2334
lmk@lmklegal.com

*Attorneys for Plaintiff*