UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Miami Division

ANN O'MALLEY,

Plaintiff,

CASE NO.: 1:25-CV-24748-KMW

v.

PRINCESS CRUISE LINES, LTD.,

Defendant.
_______________________________________/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COUNTS I AND II OF PLAINTIFF'S AMENDED COMPLAINT**

Plaintiff, ANN O'MALLEY (hereinafter "Plaintiff"), by and through her undersigned counsel, and pursuant to S.D. Fla. Local Rule 7.1, hereby files this Response in Opposition to Defendant, PRINCESS CRUISE LINES, LTD.'S (hereinafter "Princess") Motion to Dismiss Counts I And II of Plaintiff's Amended Complaint [ECF No. 11] (hereinafter "Motion"). Plaintiff respectfully requests that the Court deny Princess's Motion and shows as follows:

## INTRODUCTION

Princess moved to dismiss Counts I of Plaintiff's Amended Complaint (asserting direct negligence) arguing that the breaches alleged in three paragraphs (i.e., 49(a) to (c)) render the Count a "shotgun pleading" that improperly commingles claims for direct and vicarious liability. However, given Princess's recognized medical expertise as a cruise ship operator owing the duty to furnish such aid and assistance as ordinarily prudent persons would render under similar circumstances, Plaintiff's alleged breaches of Princess's direct duty in paragraphs 49(a) to (c) are proper and Count I is not a shotgun pleading as Princess contends.

Princess also moves to dismiss Count II of the Amended Complaint (asserting vicarious liability) on the basis that—specifically in paragraph 54—Plaintiff only alleges various categories of crewmember and non-medical personal. However, a review of paragraph 54 shows that Princess is incorrect and that Plaintiff specifically identified the titles of several crewmember and non-medical personal whose breaches Princess is vicariously liable. In support of its position, Princess incorrectly cites and quotes Plaintiff's allegation in paragraph 54 of her *previous* Complaint [ECF No. 1] and not the more detailed and proper allegation in the current Amended Complaint. Plaintiff's allegations in paragraph 54 are more than sufficient, and the Count should not be dismissed.

Princess also moves to strike Plaintiff's allegation in paragraph 72(o) which Plaintiff agrees should be stricken as it was included a`s an inadvertent scrivener's error.

**ARGUMENT**

**I. LEGAL STANDARD.**

To satisfy the Federal Rules of Civil Procedure's pleading requirements, a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief, to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007) (citing *Conley v. Gibson*, 344 U.S. 41, 47 (1957) [internal quotations omitted]; *see also* Fed R. Civ. P. 8(a)(2). Further, "[a] statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion." *See* Fed R. Civ. P. 10(c). In relevant part, Fed R. Civ. P. 8 provides:

[CONTINUED ON NEXT PAGE]

> **(a)** **Claim for Relief.** A pleading that states a claim for relief must contain:
>
> **(1)** A short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> **(2)** A short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> **(3)** A demand for the relief sought, which may include relief in the alternative or different types of relief.

"The Federal Rules of Civil Procedure establish a system of notice pleading rather than of fact pleading…to get away from the highly technical distinction between statements of fact and conclusions of law." *Bell Atl. Corp.*, 550 U.S. at 590. Therefore, "[s]o long as the defendant is provided fair notice of what the plaintiff's claim is and the grounds upon which it rests, the complaint should not be dismissed for failure to state a claim." *In re TOUSA, Inc.*, 442 B.R. 852, 856 (Bankr. S.D. Fla. 2010).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Atl. Corp. v. Twombly*, 449 U.S. 544 (2007)). A claim is facially plausible when the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When reviewing a motion to dismiss, the Eleventh Circuit has stated, "we accept the well-plead allegations in the complaint and construe them in the light most favorable to the Plaintiff." *Franza v. Royal Caribbean Cruises, Ltd.*, 772 F.3d 1225, 1227 (11th Cir. 2014) (citing *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1335 (11th Cir. 2012)). In considering a Rule 12(b)(6) Motion to Dismiss, the Court must accept the facts alleged in the complaint as true, draw all reasonable inferences in the plaintiff's favor, and limit its review to the four corners of the complaint. *See e.g. Kothmann v. Rosario*, 558 F. App'x 907, 910 (11th Cir. 2014); *Allaben v. Howanitz*, F. App'x 716, 717-18 (11th Cir. 2014). Determining whether a complaint states a plausible claim for relief is a context specific task that requires the

reviewing Court to draw on judicial experience and common sense. *Iqbal*, 556 U.S. at 679. The threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is . . . exceedingly low." *Banco Popular N. Am. v. M/V Triple Play*, 12-20188-CIV, 2012 U.S. Dist. LEXIS 193680, at *1 (S.D. Fla. Apr. 11, 2012) (emphasis added) (internal quotations and citations omitted). Plaintiff's Complaint far exceeds the threshold pleading requirements.

## II. COUNT I OF THE AMENDED COMPLAINT DOES NOT IMPROPERLY COMMINGLE CLAIMS OF DIRECT AND VICARIOUS LIABILITY.

Princess first argues that Plaintiff's Amended Complaint is a "shotgun" pleading which improperly commingles claims of direct negligence and vicarious liability against it, or alternatively is insufficiently supported by facts. In its Motion, Princess appropriately cites to the Eleventh Circuit Court of Appeal's decision in *Franza v. Royal Caribbean Cruises, Ltd.,* 772 F.3d 1225 (11th Cir. 2014) regarding pleading a direct negligence claim against a shipowner. The *Franza* Court specifically discussed Princess's medical expertise as a cruise ship operator stating:

> What's more, we suspect that Franza's allegations only scratch the surface. We have no difficulty imagining other cases in which additional evidence could demonstrate a cruise line's medical expertise – particularly since, in the public domain, cruise lines routinely claim to possess such knowledge. See, e.g., Peltz, Has Time Passed Barbetta by?, at 19 (**quoting statement by Director of Princess Cruise Lines Medical Department claiming that "major cruise lines have designed modern medical facilities comprising several ICU's, computerized radiology, and sophisticated laboratories" and "have achieved accreditation to international health care standards and ISO 9001 certification**") […] Press Release Princess Cruises, Princess Cruises' Medical Departments Earn Unique Distinction with Prestigious Quality Certification and Accreditation (May 6, 2010) […] (**"[O]ur medical centers achieve similar quality standards to medical facilities ashore[.]"**); We do not credit as fact any information not pled in the complaint, but we note that another plaintiff could have cited any of this information to rebut the basic assumption that cruise ships are not in the business of providing medical care.

772 F.3d at 1244 n.14 (bold emphasis added). In *Disler v. Royal Caribbean Cruise, Ltd.*, No. 17-23874-CIV-MORENO, 2018 U.S. Dist. LEXIS 67797, at *7-8 (S.D. Fla. April 23, 2018), Judge Moreno elaborated on the *Franza* court's holding as to ***direct liability*** claims against a shipowner for medical malpractice stating:

> *Franza* addressed the distinct issue of whether a cruise line could be held vicariously liable for its medical staff's malpractice. **But the Eleventh Circuit's opinion still bears on direct liability claims because, as other courts in this district have pointed out, "it also contains a comprehensive overview of maritime negligence law and its development, and it analyzes myriad public policy concerns that militate in favor of adopting a more contemporary approach to cruise ship litigation."** The Court in *Franza* was "particularly skeptical of the view that the patient always holds the critical reins in this particular context." It noted that "a passenger who falls ill aboard a cruise ship has precious little choice but to submit to onboard care" and "may have literally nowhere else to go."
>
> Accordingly, there is no blanket rule under maritime law that a cruise ship is never required to provide passengers with medical attention and medical evacuation. Nor is there a "special, free-floating, independent duty" under maritime law requiring a cruise line to provide a medical evacuation whenever a passenger requests one. **Rather, a cruise line's potential liability hinges on whether it complied with its more general duty to exercise reasonable care under the circumstances. "With respect to the treatment of ailing passengers, the exercise of reasonable care is defined as the 'duty to . . . furnish such aid and assistance as ordinarily prudent persons would render under similar circumstances**."

(emphasis added & internal citations omitted).

In paragraph 48 of the Amended Complaint, Plaintiff alleges the duty Princess owed to Plaintiff. ECF No. 1, p. 11. Then, in paragraph 49 Plaintiff lists the numerous alleged failures or breaches of Princess's duty are then properly pled in Plaintiff's direct negligence claim against Princess without any reference to the actions of its crewmembers. *See Anders v. Carnival Corp.*, 23-21367-CIV-ALTONAGA/Damian, 2023 U.S. Dist. LEXIS 112642, at *10 (S.D. Fla. June 29, 2023) ("First, Plaintiff may allege a list of failures, i.e., different breaches of the same duty,

within the same general negligence claim.").Princess takes issue with paragraph 49(a) to (c) which state as follows:

> 49. PRINCESS breached its duty in one or more of the following ways:
>
> a. failure to timely assess the [sic] Mrs. O'Malley's medical condition;
>
> b. failure to provide the [sic] Mrs. O'Malley with prompt and/or proper shipboard medical care, including but not limited to the provision of appropriate medications;
>
> c. failure to furnish the [sic] Mrs. O'Malley such medical advice, aid and/or assistance as an ordinarily prudent person would render under similar circumstances; […]

Paragraphs 49(a) to (c) of the Amended Complaint clearly allege three of several alleged breaches of Princess's ***direct duty*** of care within its medical expertise it owed to Plaintiff and not for its vicarious liability for its medical staff's conduct. In fact, Plaintiff does not allege anywhere in Count I that any of Princess's crewmember, agents, employees, etc. were responsible for the alleged breaches of its duty. Paragraphs 49(a) to (c) of the Amended Complaint properly and correctly allege Princess's breaches of its ***direct duty*** it owed to Plaintiff.

Moreover, in a similar medical malpractice case against Princess (also represented by Michael Drahos, Esq., its same counsel in this case)—*Simonton v. Princess Cruise Lines, Ltd., et al.*, No. 1:25-cv-22502 (S.D. Fla. June 2, 2025)—it recently answered virtually identical allegations of direct negligence against it as Plaintiff alleges in paragraphs 49(a) to (c) in this case. The following chart sets for the allegations Princess answered in *Simonton* and those it seeks to dismiss in this case:

[CONTINUED ON NEXT PAGE]

| SIMONTON ALLEGATIONS PREVIOUSLY ANSWERED | ALLEGATIONS IN THIS CASE |
|---|---|
| 76. On or about August 14, 2024, the Princess breached its duty to provide the Plaintiff with reasonable case under the circumstances as follows:<br><br>a. Failure to timely assess the Plaintiff's medical condition;<br><br>b. Failure to provide the Plaintiff with prompt and/or proper shipboard medical care, including but not limited to the provision of appropriate medications;<br><br>c. Failure to furnish the Plaintiff such medical advice, aid and/or assistance as an ordinarily prudent person would render under similar circumstances; […] | 49. PRINCESS breached its duty in one or more of the following ways:<br><br>a. failure to timely assess the [sic] Mrs. O'Malley's medical condition;<br><br>b. failure to provide the [sic] Mrs. O'Malley with prompt and/or proper shipboard medical care, including but not limited to the provision of appropriate medications;<br><br>c. failure to furnish the [sic] Mrs. O'Malley such medical advice, aid and/or assistance as an ordinarily prudent person would render under similar circumstances; […] |

Copies of the Complaint and Princess's Answer and Affirmative Defenses from the *Simonton* case are attached, respectively, as Exhibits "A" and "B." Princess is clearly taking inconsistent positions in *Simonton* and in this case as to the allegations in paragraphs 49(a) to (c) of its direct negligence.

The allegations and claims dismissed in the cases cited by Princess in support of its position are easily distinguishable from those in this case. *Wohlford v. Carnival Corp.*, No. 1:17-cv-20703-UU, 2017 U.S. Dist. LEXIS 72901, at *8 (S.D. Fla. May 11, 2017) (dismissing direct negligence claim where "Plaintiff also allege[d] that Defendant's employees and agents, acting within the scope of their employment, breached their duty 'to provide prompt and appropriate medical care and/or treatment to Plaintiff.'"); *Gharfeh v. Carnival Corp.*, No. 17-20499-CIV-GOODMAN, 2018 U.S. Dist. LEXIS 9621, at *17 (S.D. Fla. Jan. 22, 2018) (dismissing direct medical negligence claim without reciting the offending allegations stating "Count I's title suggests that it contains only a claim for vicarious liability, based on theories of actual agency/respondeat superior, apparent agency/estoppel, and joint venture. But it *also* includes allegations of

*direct* negligence. Count I is thus an example of an impermissible shotgun pleading and it needs to be clarified.") (emphasis in original)[1]; *McFee v. Carnival Corp.*, No. 19-22917-CIV-LENARD/O'SULLIVAN, 2020 U.S. Dist. LEXIS 21062, at * (S.D. Fla. Feb. 3, 2020) (generally discussing commingling of claims without specifically stating offending allegations); *Smith v. Carnival Corp.*, No. 22-cv-22853-BLOOM/Otazo-Reyes, 2022 U.S. Dist. LEXIS 202946 (S.D. Fla. Nov. 7, 2022) (dismissing direct medical negligence claim without reciting the offending allegations stating "It is evident from the heading Plaintiff provided to Count VI, 'Negligence for the Acts of Carnival's Crew, Staff, Employees, and/or Agents, based on Vicarious Liability' that Plaintiff intended Count VI to be a claim based on vicarious liability. Nevertheless, the Court agrees with Defendant that the language used and incorporated into Count VI is indicative of a claim for direct liability, and a claim for direct liability should be brought in a separate count."); *Lawing v. Carnival Corp.*, No. 24-cv-22101-BLOOM/Elfenbein, 2024 U.S. Dist. LEXIS 203654, at *10 (S.D. Fla. Nov. 7, 2024) (dismissing direct negligence claim where "within Plaintiff's claim of general negligence, Plaintiff alleges separate claims of negligent training, failure to warn, failure to maintain the area, and failure to promulgate policies and procedures."); *Hagle v. Royal Caribbean Cruises, Ltd.*, No. 22-23186-CV-WILLAMS/REID, 2023 U.S. Dist. LEXIS 76301, at *16 (S.D. Fla. May 2, 2023) (dismissing claims where "in alleging vicarious liability, Plaintiff only states generally that RCCL and Broward County are responsible for their employees 'and/or agents,' including no indication which agent it intends to hold responsible. In doing so, Plaintiff has confused Defendants and this Court as to whether these counts are meant to support a vicarious liability claim or direct liability claim, which is one of the basic reasons

---

[1] Also in that case, in denying Carnival's Motion to Dismiss the plaintiff's negligence claim for "failing to provide reasonable medical facilities." the Court quoted *Franza* and stated: "As *Franza* explains, 'the cruise lines have chosen quite deliberately to enter the business of medicine, often in a large way, and they reap the tangible benefits of this business strategy.'" *Gharfeh*, 2018 U.S. Dist. LEXIS 9621, *23.

shotgun pleadings are so frowned upon."); *Roussel v. Carnival Corp.*, No. 22-cv-24087-HUCK, ECF No. 20 (S.D. Fla. Mar. 28, 2023) (entered Order granting Motion to Dismiss "[f]or the reasons set forth by the Court during the hearing. . . ." without further explanation) (a copy of the one-page Order is attached as Exhibit "A")[2]; *David v. Carnival Corp.*, No. 22-cv-24155-RAR, ECF No. 33 (S.D. Fla. Aug. 21, 2013) (dismissing without specifying the allegedly problematic language "some portions of Count III [that] blends the standards for direct and vicarious liability, which the Eleventh Circuit has found to be improper.") (a copy of the Order is attached as Exhibit "C").

Therefore, Princess's Motion to Dismiss as to Plaintiff's Count I should be denied.

Notwithstanding the foregoing, should the Court find that paragraphs 49(a) to (c) of the Amended Complaint are improper, then Plaintiff respectfully requests that only those paragraphs be stricken and not the entire negligence claim or that Plaintiff be granted leave to amend to remove the allegations.

## III. COUNT II OF THE AMENDED COMPLAINT SPECIFICALLY IDENTIFIES NON-MEDICAL CREWMEMBERS WHO WERE NEGLIGENT FOR WHICH PRINCESS IS VICARIOUSLY LIABLE.

Next, Princess argues that Plaintiff's Count II fails to state a claim for vicarious liability for allegedly failing to identify specific crewmembers in paragraph 54 of the Amended Complaint and the duty allegedly breached. Defendant is woefully incorrect. First, Princess contends that paragraph 54 of the Amended Complaint states as follows:

> PRINCESS, through its <u>non-medical personnel, including its officers, directors, employees, agents, servants and/or persons otherwise authorized to act on behalf of PRINCESS, both on board the *Emerald Princess* and located at PRINCESS'S shore-side offices</u>, owed Mrs. O'Malley the duty of exercising reasonable care under the circumstances.

[2] In its Motion, Princess incorrectly cites to Carnival Corp.'s Reply to its Motion to Dismiss filed in that case and not to the Court's attached Order entered at ECF No. 20.

Def's Mot. p. 9 (emphasis in original).[3] However, paragraph 54 of the Amended Complaint actually states as follows:

> PRINCESS, through its non-medical personnel, including its officers, directors, employees, agents, servants and/or persons otherwise authorized to act on behalf of PRINCESS, both on board the *Emerald Princess* and located at PRINCESS'S shore-side offices, **including but not limited to, the ship's Captain, the First Officer, Staff Captain, Hotel General Manager, Guest Relations Manager, Chief Purser, Port Paper Officer/Administration Officer, employees in the Health Operations Center, Port Agent(s), and/or employees in the Care Office USA, owed Mrs. O'Malley the duty of exercising reasonable care under the circumstances.** In particular, as Mrs. O'Malley suffered a stroke onboard the *Emerald Princess* and was taken to the ship's medical center, PRINCESS owed Mrs. O'Malley the duty of protecting her from injury relating to her emergent condition, and of exercising reasonable care to furnish such aid and assistance as ordinarily prudent persons would render under similar circumstances.

(italics in original & underlined emphasis added). As shown above, the correctly recited paragraph 54 of the Amended Complaint specifically lists and describes several of Princess's crewmembers and non-medical personnel "authorized to act on behalf of PRINCESS" that Plaintiff contends owed Plaintiff a duty of reasonable care.

Next, Princess primarily relies on *Figas v. Princess Cruise Lines, Ltd.*, No. 25-23279-CIV-ALTONAGA/Reid, 2025 U.S. Dist. LEXIS 185637 (S.D. Fla. Sept. 22, 2025) to dismiss the incorrectly quoted paragraph in its Motion on the basis that:

> [h]ere, there are no allegations identifying any specific crewmember or a duty that crewmember breached that caused Plaintiff's damages. Instead, and similar to the complaint in *Figas*. . . .

Def's Mot. at p. 8. In *Figas*, the plaintiff's Count III alleged that "Defendant, through the negligence of its non-medical personnel, breached its duty to exercise reasonable care" and "lists nine ways Defendant was vicariously negligent, each example predicated on Defendant's "fail[ure]

[3] It seems that Princess incorrectly quoted the language from paragraph 56 of Plaintiff's initial Complaint. *See* ECF No. 1, p. 14.

to create and/or follow policies and procedures." 2025 U.S. Dist. LEXIS 185637, *6-7.[4] The Court dismissed Count III on the basis that "Plaintiff must do more than identify broad 'categories of personnel'" and because the plaintiff failed to specifically allege *how* the non-medical personnel breached a duty. *Id*. at *7.

In this case, as seen in the actually pled paragraph 54, Plaintiff specifically and correctly lists several of Princess's crewmembers and non-medical personnel—not merely broad categories—that owed Plaintiff (1) "the duty of exercising reasonable care under the circumstances" and (2) "the duty of protecting her from injury relating to her emergent condition, and of exercising reasonable care to furnish such aid and assistance as ordinarily prudent persons would render under similar circumstances."

Princess also argues that Count II should be dismissed "because it does not set forth a factual predicate about the specific employee(s) or describe such employee's negligent acts." Def's Mot. at p. 8. Princess is again incorrect. In paragraphs 55(a) through (j), Plaintiff specifically states how Princess, through its specifically listed crewmembers and non-medical personnel, breached its duties owed to Plaintiff. Additionally, in paragraph 54 of the Amended Complaint, Plaintiff incorporates the detailed factual background set forth in paragraphs 1 through 44.

Moreover, the cases cited by Princess support the sufficiency of Plaintiff's allegations in this case. *See Holland v. Carnival Corp.*, 5 F.4th 1088, 1094 (11th Cir. 2022) ("First, Holland did not identify any specific crewmember whose negligence caused Holland's injury, much less a specific crewmember whose negligence occurred while acting within the scope of his employment—essential parts of any claim seeking to impose vicarious liability on an employer for an employee's negligence."); *McClean v. Carnival Corp.*, No. 22-23187-Civ-Scola, 2023 U.S.

---

[4] Plaintiff's Amended Complaint does not assert a negligent mode of operation claim and, as indicated in section III, *infra*, the inclusion of 72(o) was an inadvertent scrivener's error.

Dist. LEXIS 11538, at *9 (S.D. Fla. Jan. 23, 2023) (denying Motion to Dismiss finding sufficient allegations of vicarious liability where the plaintiff pled "that certain employees of Carnival's 'misaligned the gangway' that she was to use to board the ship."); *Green v. Carnival Corp.,* 614 F. Supp. 3d 1257, 1268 (S.D. Fla. 2022) ("A review of the SAC indicates that Plaintiff alleged that Defendant's crewmember was aware of and attempted to correct the dangerous condition, thus alleging Defendant's actual notice."; "The SAC further alleges that Defendant's employees were negligent in failing to warn and failing to maintain and thus breached their duty of care owed to Plaintiff, the breach actually and proximately caused Plaintiff's injury, and Plaintiff suffered actual harm. [ … ] Such allegations are sufficient to allege vicarious liability against Defendant."); *Hunter v. Carnival Corp.,* 609 F. Supp. 3d 1305, 1310 (S.D. Fla. 2022) (finding sufficient vicarious liability allegations that a crewmember's addition improper placement of ladder for bunk beds in cabin that caused the plaintiff's leg and foot to be caught in the rungs while resulting in injuries).

Therefore, Princess's Motion to Dismiss Count II should be denied.

## III. PLAINTIFF'S INCLUSION OF PARAGRAPH 72(o) WAS AN INADVERTENT SCRIVENER'S ERROR.

Plaintiff agrees with Princess that paragraph 72(o) is improper, and its inclusion was an inadvertent scrivener's error. Plaintiff agrees to entry of an Order striking paragraph 72(o).

## IV. ALTERNATIVELY, PLAINTIFF REQUESTS LEAVE TO AMEND THE COMPLAINT.

If the Court is inclined to Dismiss Counts I and II, in an abundance of caution, Plaintiff alternatively seeks leave to file a Second Amended Complaint to correct or remove any allegations the Court believes are improper. Based on clearly established precedent in the Eleventh Circuit and the plain language of Federal Rule of Civil Procedure 15, a court should freely give leave

when justice so requires. In fact, a district court's discretion to dismiss a complaint without leave to amend is severely restricted by Rule 15(a), which directs that leave to amend shall be freely given when justice so requires. Generally, where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice. A district court need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile. *Bryant v. Dupree*, 252 F.3d 1161, 1162 (11th Cir. 2001). Clearly there has not been any undue delay, bad faith, dilatory motive or repeated failures to cure deficiencies by Plaintiff and Plaintiff should be allowed to amend her pleadings if that is determined necessary by the Court.

The purpose of Rule 15 is essentially to provide maximum opportunity for each claim to be decided upon its merits rather than on procedural technicalities. Accordingly, the Court should allow Plaintiff to file a Second Amended Complaint in the event that it is inclined to grant Princess's Motion.

**Conclusion**

Based upon the foregoing, the Court should deny Princess's Motion with respect to Counts II and II of Plaintiff's Amended Complaint and, as agreed, strike paragraph 72(o) of Plaintiff's Amended Complaint. In the event the finds the allegations 49(a)-(c) are improper, then Plaintiff respectfully requests that the Court enter an Order striking those allegations from the Amended Complaint or directing Plaintiff to file an Amended Complaint removing those allegations.

Respectfully submitted,

By: */s/ Thomas B. Scolaro, Esq.*
THOMAS B. SCOLARO, ESQ.
Fla. Bar No. 178276
SCOLARO LAW
1728 Coral Way, Suite 702
Miami, Florida 33145
Email: tom@usinjury.law
Telephone: (305) 424-2300
Facsimile: (305) 424-2140
*Attorney for Plaintiff*

By: */s/ Laurence M. Krutchik, Esq.*
LAURENCE M. KRUTCHIK, ESQ.
Fla. Bar No. 0069449
LMK LEGAL
7450 SW 172nd Street
Palmetto Bay, Florida 33157
Email: LMK@LMKLEGAL.COM
Telephone: (305) 537-6866
Facsimile: (305) 433-2334
*Co-Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 17, 2025, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

By: */s/ Laurence M. Krutchik, Esq.*
LAURENCE M. KRUTCHIK, ESQ.

## SERVICE LIST

Michael J. Drahos, Esq.
Email: michael.drahos@gray-robinson.com
Ashley Genoese, Esq.
Email: ashley.genoese@gray-robinson.com
GRAY ROBINSON
515 North Flagler Drive, Ste. 1425
West Palm Beach, FL 33401
561-268-5727
Fax: 561-268-5745
*Attorneys for Defendant*