**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:25-cv-22502-MARTINEZ/Sanchez**

GARY SIMONTON,

Plaintiffs,

v.

PRINCESS CRUISE LINES, LTD.
and DR. DUSAN SEKULIC,

Defendant.
_________________________________/

**DEFENDANT PRINCESS CRUISE LINES, LTD.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT DATED JUNE 2, 2025 [DE 1]**

Defendant, PRINCESS CRUISE LINES, LTD., by and through its undersigned counsel, hereby provides this Answer and Affirmative Defenses to Plaintiff's Complaint dated June 2, 2025 and states as follows:*

1. Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. It is admitted that this Court maintains personal jurisdiction over this Defendant for the limited purposes of this action only.

3. It is admitted that this Court maintains personal jurisdiction over this Defendant for the limited purposes of this action only.

4. It is admitted that Defendant owns the *Majestic Princess*.

5. It is admitted that Defendant contracted with doctors and nurses to provide medical services aboard the *Majestic Princess*.

6. It is admitted that Dr. Dusan Sekulic served as a shipboard physician aboard the Majestic Princess.

7. It is admitted that this Court maintains admiralty and maritime jurisdiction.

8. It is admitted that the venue is proper.

9. It is admitted that this Court maintains personal jurisdiction over this Defendant for the limited purposes of this action only.

10. The allegations contained in Paragraph 10 of Plaintiff's Complaint do not appear to be directed to this Defendant and therefore do not require a response.

11. Denied.

12. It is admitted that this Court maintains personal jurisdiction over this Defendant for the limited purposes of this action only.

13. Admitted.

## GENERAL ALLEGATIONS

14. It is admitted that this Defendant provides vacation cruises aboard the Majestic Princess.

15. It is admitted that a competent physician and medical center are available in the event passengers need medical care.

16. It is admitted that Defendant contracted with the ship's physician to provide medical care to ship passengers.

17. It is admitted that Defendant relied upon the ship physician to provide medical care to ship passengers.

18. It is admitted that Defendant charged money to passengers for medical services rendered in the ship's medical center, including the Plaintiff.

19. Denied.

20. It is admitted that Defendant owned the medical equipment in the medical center of the Majestic Princess.

21. It is admitted that the ship's medical staff were salaried members of the ship's crew, subject to the ship's discipline and the Master's orders on non-medically related matters.

22. Denied.

23. Denied, including all subparts.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Admitted.

SHIPBOARD MEDICAL INCIDENT

31. Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32. Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33. Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34. Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35. Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36. Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37. Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38. Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39. Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40. Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41. Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42. Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43. Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44. Denied.

**COUNT I – VICARIOUS LIABILITY AGAINST PRINCESS FOR MEDICAL NEGLIGENCE BASED ON RESPONDEAT SUPERIOR**

Defendant readopts and reasserts its responses to paragraphs 1 through 44 as though fully set forth herein.

45. It is admitted that this Defendant owned the medical center aboard the Majestic Princess and selected and purchased medical equipment and medications and recruited, as well as credentialed and staffed the medical centers with shipboard doctors and nurses.

46. Denied.

47. See Defendant's response to Paragraph 21.

48. Denied.

49. Denied.

50. Denied, including all subparts.

51. Denied.

52. Denied.

**COUNT II – VICARIOUS LIABILITY AGAINST PRINCESS FOR MEDICAL NEGLIGENCE BASED ON ACTUAL AGENCY**

Defendant readopts and reasserts its responses to paragraphs 1 through 44 as though fully set forth herein.

53. It is admitted that this Defendant owned the medical center aboard the Majestic Princess and selected and purchased medical equipment and medications and recruited, as well as credentialed and staffed the medical centers with shipboard doctors and nurses.

54. Denied.

55. Denied.

56. Denied.

57. It is admitted that Defendant owes a duty to act reasonably under the circumstances.

58. Denied, including all subparts.

59. Denied.

60. Denied.

**COUNT III – VICARIOUS LIABILITY AGAINST PRINCESS FOR MEDICAL NEGLIGENCE BASED ON APPARENT AGENCY**

Defendant readopts and reasserts its responses to paragraphs 1 through 44 as though fully set forth herein.

61. Denied.

62. Denied.

63. Denied, including all subparts.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied, including all subparts.

69. Denied.

70. Denied.

**COUNT IV – FAILURE TO WARN AGAINST PRINCESS**

Defendant readopts and reasserts its responses to paragraphs 1 through 44 as though fully set forth herein.

71. It is admitted that Defendant owes a duty to act reasonably under the circumstances.

72. It is admitted that Defendant owes a duty to act reasonably under the circumstances.

73. Denied, including all subparts

74. Denied.

75. Denied.

**COUNT VI- GENERAL NEGLIGENCE AGAINST PRINCESS**

Defendant readopts and reasserts its responses to paragraphs 1 through 44 as though fully set forth herein.

76. Denied, including all subparts.

77. Denied.

78. Denied.

79. Denied.

**COUNT VII- GENERAL NEGLIGENCE AGAINST DUSAN SEKULIC**

Defendant readopts and reasserts its responses to paragraphs 1 through 44 as though fully set forth herein.

80. The allegations contained in Count VII (specifically paragraphs 80 through 83) do not appear to be directed to this Defendant and therefore do not require a response.

* Any allegations not specifically admitted to herein are hereby denied.

**AFFIRMATIVE DEFENSES**

A. Plaintiff's claims are governed by maritime law and any recovery is limited to same.

B. This action is governed by and subject to the terms, limitations and conditions contained within the Plaintiff's Passenger Ticket Contract(s).

C. Plaintiff's Complaint fails to state a claim for actual and/or apparent agency and failure to warn against this Defendant upon which relief may be granted.

D. Defendant fully discharged its duty to act reasonably under the circumstances in that it adhered to the guidelines for onboard medical facilities recommended by the American

College of Emergency Physicians. Furthermore, Plaintiff was provided access to a licensed physician aboard the vessel who rendered reasonable medical care and appropriately counseled Plaintiff on the available treatment options.

E. Defendant fully discharged its duties to the Plaintiff by warning of any and all dangerous or hazardous conditions, if any. Specifically, Plaintiff was warned prior to the subject cruise that while at sea or in the port the availability of medical care may be limited or delayed, or that during all or part of the voyage the vessel may be in areas where medical care and evacuation may not be available.

F. Plaintiff did not exercise ordinary care, caution, or prudence for his own welfare to avoid the happening of the alleged incident, injuries or damages, if any, the existence of which Defendant expressly denies, and by this failure to do so, the Plaintiff thereby directly and proximately contributed to the happening of said alleged injuries, losses and damages, if any, the existence of which the Defendant expressly denies. In particular, Defendant contends Plaintiff either boarded the subject vessel with a pre-existing illness or medical condition that rendered him unfit to travel, and/or failed to seek timely medical treatment for his condition during the voyage when he delayed contacting the ship's physician to report his condition despite his declining health which caused and/or exacerbated her damages. Accordingly, Plaintiff was negligent and therefore is either barred from recovery or the damages in the case must be apportioned and reduced in proportion to the share of negligence attributed to the Plaintiff.

G. This action is barred in whole or in part by the applicable statute of limitations.

H. The Plaintiff's and/or decedent's damages were the result of a pre-existing injury/condition. Assuming, *arguendo*, that any pre-existing mental or physical injury or illness

was aggravated by any alleged incident herein, for which this Defendant expressly denies any responsibility, the Plaintiff is only entitled to reimbursement for the degree of aggravation and any and all recovery obtained herein must be reduced to the percentage of aggravation which the Plaintiff allegedly suffered as a result of the subject incident.

I. Defendant, at all times material hereto, complied with all statutes, rules, regulations, industry standards, and in any event, its actions and/or omissions which are strictly denied, were not the legal or factual cause of Plaintiff's injuries or damage claims herein.

J. The subject physician(s) was/were operating as an independent contractor(s) at all times material hereto. Pursuant to an agreement with Princess, the subject ship doctor(s) was/were A) paid as an independent contractor and not as an employee; B) no deductions were taken from his pay and he was not eligible for employee benefits; C) he agreed to practice according to the appropriate standard of care, within the scope of his medical expertise based upon his knowledge, training and experience as a licensed physician; and D) he exercised medical judgment in the care and treatment of passengers and crew. With respect to the care rendered to Plaintiff, the ship's nurses were at all times acting under the control of the subject ship physician(s) and were thus his borrowed servants.

K. Defendant has not specifically or intentionally waived any affirmative defenses and specifically reserves the right to allege additional affirmative defenses as they may present themselves in response to information that becomes available through discovery in the future.

Respectfully submitted,

GrayRobinson, P.A.
515 North Flagler Drive, Ste. 650
West Palm Beach, Florida 33401
Tel: (561) 268-5727
Fax: (561) 268-5747

By: _/s/ Michael Drahos_
Michael J. Drahos
Florida Bar No. 0617059
michael.drahos@gray-robinson.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 26, 2025, the foregoing document was electronically filed with the Clerk of the /court using CM/ECF to the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

_/s/Michael J. Drahos_
Michael J. Drahos

**SERVICE LIST**
**CASE NO: 1:25-cv-22502-MARTINEZ/Sanchez**

Carol Finklehoffe, Esq.
LIPCON, MARGULIES
& WINKLEMAN, P.A.
2800 Ponce De Leon Blvd.
Suite 1480
Coral Gables, FL 33141
Telephone: (305)373-3016
Facsimile: (305)373-6204
*Cfinklehoffe@lipcon.com*

*Attorneys for Plaintiff*