**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 22-CV-24155-RAR**

**JOHN KELLY DAVID**,

Plaintiff,

v.

**CARNIVAL CORPORATION**,
*a Foreign Corporation,*

Defendant.
___________________________________________________/

**ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS COUNT III**

**THIS CAUSE** comes before the Court upon Defendant's Motion to Dismiss Count III of Plaintiff's Second Amended Complaint ("Motion"), filed on May 4, 2023. [ECF No. 25]. Plaintiff filed a Response in Opposition on May 18, 2023, [ECF No. 26], and Defendant filed a Reply on May 25, 2023, [ECF No. 29]. The Court conducted a hearing on the Motion on August 21, 2023. [ECF No. 32]. The Court having carefully reviewed the pleadings, the record, the relevant caselaw, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion is **GRANTED IN PART** with leave to amend for the reasons stated herein.

**ANALYSIS**

During the hearing on the Motion, counsel for Plaintiff confirmed that Count III of the Second Amended Complaint is only intended to be pled as a vicarious liability claim. This squares with Count III's title of "VICARIOUS LIABILITY FOR NEGLIGENCE OF NON-MEDICAL PERSONNEL (ACTUAL AGENCY/RESPONDEAT SUPERIOR)." Second Am. Compl. [ECF No. 20] ¶ 70. Nonetheless, some portions of Count III blend the standards for direct and vicarious

liability, which the Eleventh Circuit has found to be improper. *See Holland v. Carnival Corp.*, 50 F.4th 1088, 1093–94 (11th Cir. 2022). Accordingly, Plaintiff has agreed to file a Third Amended Complaint to remove mention of the direct liability standards in Count III.

This Third Amended Complaint will dispose of Defendant's argument that Count III constitutes an impermissible shotgun pleading. *See* Mot. at 3–4. Defendant will now have decisive clarity that Count III only contains a claim for vicarious liability. Therefore, Defendant will be put on adequate notice of the precise claim it must defend against.[1]

Defendant's remaining argument that Plaintiff has failed to plead Count III with sufficient specificity falls short because it attempts to impose a heightened pleading standard beyond what is required under Rule 8 of the Federal Rules of Civil Procedure. Count III defines the non-medical personnel as "including but not limited to, its shoreside operation staff, master/captain, navigational and deck officers." Second Am. Compl. ¶ 71. The non-medical personnel allegedly failed to take several actions, which were duties they supposedly owed to Plaintiff, to mitigate the harm he suffered from a stroke. *Id.* ¶ 73. Courts have routinely held that the level of factual specificity alleged in Count III passes muster. *See, e.g.*, *Hunter v. Carnival Corp.*, 609 F. Supp. 3d 1305, 1313–14 (S.D. Fla. 2022) (finding a count adequately pled that identified the allegedly negligent employee by her position, assignment, and conduct, and sufficiently allowed Defendant to identify the employee(s) during discovery); *McLean v. Carnival Corp.*, No. 22-23187, 2023 WL 372061, at *3 (S.D. Fla. 2023) (same).

## CONCLUSION

Based upon the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion [ECF No. 25] is **GRANTED IN PART**.

[1] The Court is not persuaded that Count III met the standard for a shotgun pleading under *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015), but in any case, that issue is now moot.

2. Plaintiff shall file a Third Amended Complaint within **seven (7) days** of the date of this Order.

**DONE AND ORDERED** in Miami, Florida, this 21st day of August, 2023.

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**