**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:25-cv-24748**

**ANN O'MALLEY,**

Plaintiff,

v.

**PRINCESS CRUISE LINES, LTD.,**

Defendant.
_______________________________/

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS COUNTS I AND II OF PLAINTIFF'S AMENDED COMPLAINT**

Defendant, PRINCESS CRUISE LINES, LTD. ("Princess"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), replies to Plaintiff's Response [DE 13] to Princess's Motion to Dismiss Counts I and II of Plaintiff's Amended Complaint[1] [DE 11], and states as follows:

## ARGUMENT

### I. Count I as a Direct Liability Claim Improperly Commingles Allegations Related to Vicarious Liability and Warrants Dismissal

A. Plaintiff's Cited Case Law Does Not Support Arguments Against Dismissal

Plaintiff's citation to footnote 14 of the *Franza v. Royal Caribbean* opinion does not support the position that Princess Cruise is a medical expert as a cruise ship operator. *Franza v. Royal Caribbean Cruises, Ltd.*, 772 F.3d 1225, fn. 14 (11th Cir. 2014). Notably, the latter part of this footnote clarifies its purpose in the opinion: "We do not credit as fact any information not pled

[1] Plaintiff's Response concedes striking of Paragraph 72(o) is proper and thus Defendant need not provide any reply in further support of this argument.

in the complaint, but we note that another plaintiff could have cited any of this information to rebut the basic assumption that cruise ships are not in the business of providing medical services." *Id* at fn. 14 (emphasis added). Otherwise, the *Franza* opinion largely addresses how cruise ship operators can be held liable under *vicarious* theories of liability for the medical negligence of the shipboard medical personnel. *See generally*, *Franza*, 772 F.3d 1225, 1254 ("In sum, the allegations in Franza's complaint plausibly support holding Royal Caribbean Cruises, Ltd., vicariously liable for the medical negligence of its onboard nurse and doctor."). Plaintiff seems to acknowledge this by pleading the Negligence of Medical Personnel under Vicarious Liability theories based upon Actual and Apparent Agency in Counts III and IV of the Amended Complaint. Notably, the alleged breaches in Count III and IV are essentially duplicative of Count I's breaches at issue here in Paragraph 49 (a-c). *Jones v. Carnival Corp.*, No. 23-CV-21908, 2023 WL 6846682, at *6 (S.D. Fla. Oct. 17, 2023)("[W]here a Count is duplicative, its dismissal is warranted.").

Further, Plaintiff's reliance upon *Disler v. Royal Caribbean* is similarly flawed. The portion of opinion that Plaintiff cites to in *Disler* addresses the general now outdated principal that there was "broad immunity for cruise lines." *Disler v. Royal Caribbean Cruise Ltd.*, No. 17-23874-CIV, 2018 WL 1916614, at *3 (S.D. Fla. Apr. 23, 2018)(dismissing all claims as brought under state and common law rather than maritime law). Further, Plaintiff emphasizes a portion of the *Disler* opinion citing to *Rojas v. Carnival Corp.*, 93 F. Supp. 3d 1305, 1309–10 (S.D. Fla. 2015): "With respect to the treatment of ailing passengers, the exercise of reasonable care is defined as the 'duty to ... furnish such aid and assistance as ordinarily prudent persons would render under similar circumstances." [DE 13 at pg. 5; *Rojas*, 93 F. Supp. 3d at 1309–10]. Notably, this quote is used in addressing the claim in *Rojas* ws for "unreasonably delaying air-ambulance transportation"

and ultimately was dismissed as "insufficient to state a negligence claim." *Rojas*, 93 F. Supp. 3d at 1310.

B. As a Direct Liability Claim, the Commingled Breaches Related to Vicarious Liability in Count I Warrant Dismissal and/or Striking of these Allegations

Plaintiff's Response makes clear that Count I is intended to be a direct liability claim *only* against Princess, the shipowner. [DE 15]. Thus, the alleged breaches contained in Paragraph 49(a-c) are improper. Each of the alleged breaches refers to medical treatment of the shipboard medical staff, as Defendant Princess did not provide medical care or treatment to Plaintiff directly. Plaintiff otherwise seems to agree that amendment of the negligence claim would be proper: "…should the Court find that paragraphs 49(a) to (c) of the Amended Complaint are improper, then Plaintiff respectfully requests that only those paragraphs be stricken and not the entire negligence claim or that Plaintiff be granted leave to amend to remove the allegations." [DE 15 at pg. 9]. Tellingly, Defendant did not seek dismissal with prejudice as to Count I. [DE 11]. Thus, should this Court consider Count I to be properly pled as a direct liability claim against Princess, Paragraph 49 (a-c) should be stricken as improper and further duplicative of allegations in Counts III and IV.

Otherwise, to the extent Plaintiff argues that Defendant's counsel took an "inconsistent position" in an entirely distinct and separate case, this does not constitute any legal basis for denying a Motion to Dismiss, nor does Plaintiff set forth any supportive authority for such a notion. Each case is evaluated based upon the distinct facts and Plaintiff's Amended Complaint here warrants dismissal.

**II. Count II Fails to Identify Specific Crewmember(s) and the Alleged Negligent Act(s) Attributed to those Specific Crewmember(s) to Support a Vicarious Liability Claim**

Plaintiff's Response as related to Count II simply relies upon the allegations as pled as sufficient. Plaintiff seems to argue that although she has broadly alleged various categories of

unidentified personnel, this should be ignored as Plaintiff further lists out a number of individuals, groups of individuals, and whole departments of personnel. [DE 13 at pg. 10]. Plaintiff alleges that these "non-medical personnel, including its officers, directors, employees, agents, servants and/or persons otherwise authorized to act on behalf of PRINCESS, both on board the *Emerald Princess* and located at PRINCESS'S shore-side offices" are sufficiently specific because Plaintiff states this is "**<u>including but not limited to</u>**" a list of groups of individuals. [Amend. Compl. at ¶54]. Supplementing broad categories of personnel as an "including but not limited to" does nothing to specifically identify crewmember(s) as it entirely leaves open the potential list of "officers, directors, employees, agents, servants and/or persons otherwise authorized to act on behalf of PRINCESS." In fact, even when attempting to be more specific Plaintiff suggests: "…employees in the Health Operations Center, <u>Port Agent(s)</u>, **<u>and/or</u>** <u>employees in the Care Office USA</u>." *Id*. Not only do these allegations fail to identify a crewmember, they also seemingly identify individuals whom are not employees or agents of Princess, thus negating any liability of this Defendant. This is precisely why Courts require identification of crewmembers to be more specific than listing broad categories of personnel – so a defendant can determine exactly who the claims are sought against.

Defendant's reliance upon *Figas v. Princess Cruise Lines* is significant because Judge Altonaga recently dismissed allegations that are nearly identical to the allegations here. *See Figas v. Princess Cruise Lines, Ltd.*, No. 25-23279-CIV, 2025 WL 2694802 (S.D. Fla. Sept. 22, 2025). The plaintiff in *Figas* argued the allegations identifying "non-medical personnel, including its officers, directors, employees, agents, servants, shipboard personnel...both on board...and located at Defendant's shore-side offices" were sufficient, yet the court disagreed. *Id* (alterations original to opinion). Further, in the *Figas* opinion, Judge Altonaga specifically noted:

> The three cases Plaintiff cites in his Response bolster this conclusion. *See McLean v. Carnival Corp.*, No. 22-23187-Civ, 2023 WL 372061, at *3 (S.D. Fla. 2023) (identifying employees who misaligned the gangway of the ship); *Green v. Carnival Corp.*, 614 F. Supp. 3d 1257 (S.D. Fla. 2022) (identifying a crewmember who failed to warn the plaintiff of a dangerous slip and fall condition); *Hunter v. Carnival Corp.*, 609 F. Supp. 3d 1305, 1310 (S.D. Fla. 2022) (identifying a cabin steward who negligently set up the plaintiff's cabin).

*Figas*, 2025 WL 2694802, at *3. While Plaintiff's Response contends she "did more" than the *Figas* plaintiff, this is inaccurate as Plaintiff here simply added *more* categories of individuals under the guise of "including but not limited to" thus not actually identifying *any* specific crewmembers. Thus, Defendant's reliance upon *Figas* demonstrates how courts in this district dismiss vicarious liability claims alleging broad categories of personnel as failing to state a cause of action. *Id*.

The pleading deficiencies in Count II are further exemplified when looking at the purported negligent acts, required to support a claim for vicarious liability. Plaintiff alleges by way of example that Princess "through its non-medical personnel" breached its duty by:

> a. the ship's Captain, the First Officer, Staff Captain, Hotel General Manager, Guest Relations Manager, Chief Purser, Port Paper Officer/Administration Officer, employees in the Health Operations Center, Port Agent(s), and/or employees in the Care Office USA violated the International Cruise Line Bill of Rights, which states that passengers have "[t]he right to disembark a docked ship if essential provisions such as ... access to medical care cannot be adequately provided onboard," by keeping Mrs. O'Malley on the vessel against her will;
>
> …
>
> j. the ship's Captain, the First Officer, Staff Captain, Hotel General Manager, Guest Relations Manager, Chief Purser, Port Paper Officer/Administration Officer, employees in the Health Operations Center, Port Agent(s), and/or employees in the Care Office USA failed to arrange for any follow up transportation from Mexico to the United States for its passenger.

[Amend. Compl. at ¶55 (a), (j)]. None of Plaintiff's alleged breaches actually set forth which specific crewmember(s) did what specific negligent act(s) and how that breach caused Plaintiff's injury. *See Smith v. Carnival Corp. & PLC*, No. 22-CV-22853, 2022 WL 16791783, at *4 (S.D.

Fla. Nov. 8, 2022)(dismissing with leave to amend a vicarious liability count where plaintiff had adequately identified the specific tortfeasor employed by a defendant shipowner that plaintiff sought to hold vicariously liable but had not adequately pled the remaining elements of negligence as to that specific tortfeasor); *Feagin v. Carnival Corp.*, No. 23-CV-23460-RAR, 2023 WL 8258572, at *2 (S.D. Fla. Nov. 29, 2023)("Plaintiff's Amended Complaint requires further factual development concerning actions taken by the specific employees that Plaintiff seeks to rely upon to sustain her claim of vicarious liability."). Instead, Plaintiff's allegations serve as "unadorned, the-defendant-unlawfully-harmed-me accusations" which fail to properly state a cause of action. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). Plaintiff's Amended Complaint is intentionally impossible to discern who, if any of Princess's crewmembers, allegedly breached a duty owed to Plaintiff, to proceed under a plausible vicarious liability claim against Princess.

WHEREFORE, Defendant, PRINCESS CRUISE LINES, LTD., respectfully requests that this Court dismiss Counts I and II of Plaintiff's Amended Complaint [ECF No. 9], and strike Paragraph 72o. pursuant to Plaintiff's agreement, and for any further relief this Court deems just and proper.

Respectfully submitted,

GrayRobinson, P.A.
515 North Flagler Drive, Ste. 650
West Palm Beach, Florida 33401
Tel: (561) 268-5727
Fax: (561) 268-5747

By: */s/ Ashley Genoese*
Michael J. Drahos
Florida Bar No. 0617059
michael.drahos@gray-robinson.com
Ashley Genoese
Florida Bar No. 1019357

ashley.genoese@gray-robinson.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 29, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

*/s/ Ashley Genoese*

**SERVICE LIST**
**CASE NO. 1:25-cv-24748**

Thomas B. Scolaro, Esq.
Scolaro Law
1728 Coral Way, Suite 702
Miami, Florida 33145
Tel: (305) 424-2300
Fax: (305) 424-2140
tom@usinjury.law

Laurence M. Krutchik, Esq.
LMK Legal
7450 SW 172nd Street
Palmetto Bay, Florida 33157
Tel: (305) 527-6866
Fax: (305) 433-2334
lmk@lmklegal.com

*Attorneys for Plaintiff*