UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Miami Division

ANN O'MALLEY,

Plaintiff,

CASE NO.: 1:25-CV-24748-KMW

v.

PRINCESS CRUISE LINES, LTD.,

Defendant.
_________________________________/

**JOINT MOTION FOR DISCOVERY HEARING**

The parties, by and through undersigned counsel, and pursuant to the Court's Order Setting Discovery Procedures [ECF No. 5], hereby move the Court for a discovery hearing, and in support thereof state as follows:

1. This case arises from Defendant, PRINCESS CRUISE LINES, LTD.'S (hereinafter "PRINCESS") alleged medical negligence that occurred onboard the *Majestic Princess* on February 6th and 7th, 2024. Plaintiff, ANN O'MALLEY (hereinafter "Plaintiff") contends that PRINCESS failed to recognize the signs and symptoms indicating that she was suffering an ischemic stroke and that PRINCESS failed to timely evacuate Plaintiff from the ship to receive necessary higher level medical care from a shoreside facility. *See generally* Pl's Am. Compl. [ECF NO. 9].

2. Relevant to the instant dispute, Plaintiff and her husband boarded the *Majestic Princess* in Los Angeles, California and Plaintiff was medically disembarked in Cabo San Lucas, Mexico.

3. On February 18, 2026, PRINCESS served its responses to Plaintiff's First Set of Interrogatories, a copy of which is attached as Exhibit "A."

4. Plaintiff's interrogatory nos. 10 and 20 request for PRINCESS to identify prior evacuations, within the previous three (3) years, of passengers or crewmembers for any medical condition and those who were suffering a stroke or suspected stroke. PRINCESS objected to the request for various reasons.

5. Counsel for the parties conferred via telephone calls on March 13th and 16th regarding disputed discovery requests including PRINCESS'S responses to interrogatory nos. 10 and 20. Plaintiff's undersigned counsel agreed to limit the scope of the interrogatories to evacuations or diversions, within the previous three (3) years, that occurred between Los Angeles and Cabo San Lucas.

6. Counsel for the parties conferred again on March 25th to try to resolve the disputed requests and Plaintiff proposed a further limitation to provide information related to evacuations and diversions of passengers and/or crew between Los Angeles and Cabo San Lucas for the previous 3 years for a stroke or suspected stroke. If any evacuations and diversions were identified, Plaintiff requested that PRINCESS provide: (a) the date of the diversion or evacuation; (b) description of the patient with personal information redacted; (c) a summary of the diagnosis and reason for the evacuation or diversion; and (d) the location where the evacuation occurred or where the ship diverted to. The parties agreed that PRINCESS may have an extension until April 9th to advise if it would respond to the further limitation of the disputed interrogatories.

7. On April 9th, PRINCESS advised that it maintains its objections to respond to the narrowed scope of the interrogatories.

8. Despite Plaintiff's proposed limitations, PRINCESS maintains its objections to the interrogatories.

**PLAINTIFF'S POSITION**

Plaintiff believes the requested are relevant to demonstrate through prior medical evacuations of passengers/crewmembers from Los Angeles, California to Cabo San Lucas, Mexico that PRINCESS had the resources and ability to: (a) divert its ships to potential alternate port(s) or location(s) to medically evacuate passengers/crewmembers who required higher level medical care at a land based medical facility; and/or (b) arrange medical evacuations of passengers/crewmembers by tender boat or helicopter while its ships are at sea.

The relevancy and discoverability of the same information requested in Plaintiff's Interrogatory Nos. 10 and 20 were previously ruled on by Magistrate Judge Becerra in the case: *Eisenman v. Carnival Corp.*, No. 1:19-cv-22431 (S.D. Fla.).[1] In that case, on February 7, 2020, Magistrate Judge Becerra entered an Order compelling Carnival Corporation[2] to identify prior incidents/evacuations across all its ships in response to interrogatories almost identical to those served by Plaintiff in this case. A copy of the February 7th Order is attached as Exhibit "B." Carnival provided supplemental responses in which it stated that the eSeaCare electronic medical records system was implemented across all its vessels by March 19, 2017 and it searched and identified numerous prior incidents/evacuations. A copy of Carnival's Supplemental Answers to Interrogatories is attached as Exhibit "C."

[1] In *Eisenman* as in this case, the plaintiff alleged that Carnival breached its duty of care based in part on its failure to medically disembark the decedent in that case. *See generally* No. 1:19-cv-22431, ECF No. 1.

[2] Princess is incorporated in Bermuda and is owned by Carnival Corporation & plc. *See* Princess Cruises Fact Sheet, https://www.princess.com/en-int/news/backgrounders-and-fact-sheets/princess-cruises-fact-sheet (last visited Mar. 12, 2026) ("The company is part of Carnival Corporation & plc[.]").

As seen in Magistrate Judge Becerra's Order, she clearly found the requested prior incidents information was relevant, discoverable, and limited the scope of the interrogatories.

However, Plaintiff notes that the Court in *Dennis v. Carnival Corp.*, No.: 1:25-cv-21029-RAR (S.D. Fla.) denied a request to compel answers to similar interrogatories where the plaintiff also raised Judge Becerra's ruling in *Eisenman v. Carnival Corp*. case.

Nevertheless, Plaintiff requests that the Court compel PRINCESS to respond to interrogatory nos. 10 and 20 in accordance with the above limitations.

**PRINCESS'S POSITION**

As Plaintiff points out, this exact argument with nearly identical discovery requests has been defeated in the more recent case of *Dennis v. Carnival Corp*., No.: 1:25-cv-21029-RAR (S.D. Fla.), ECF No. 53.[3] For the same reasons, Plaintiff here has not raised sufficient predicate to support the relevancy of these requests for information and materials, that do not have a bearing on Plaintiff's claims. Specifically, the decision to medically evacuate a passenger is fact-specific to each passenger's medical conditions, analysis of medical progression and prognosis, unique location of the vessel at that time, and resources readily available. These are not instances that can be categorically grouped into substantially "similar" circumstances as each passenger's medical care and treatment is highly tailored and specialized to all relevant factors of each unique passenger. As mentioned in Defendant's initial objections, Defendant does not maintain records and would have to manually conduct searches and perform investigation into each evacuation. As such Plaintiff's request for information related to "prior incidents" is not proportionate to the needs of this case, and would have no relevancy on the medical evacuation decisions made in Plaintiff's case. Thus, Defendant's objections to Interrogatories No. 10 and 20 should be upheld, and

[3] No written Report and Recommendations was entered regarding Magistrate Judge Louis's ruling.

Plaintiff's request to compel better responses should be denied, as this District similarly ruled in *Dennis v. Carnival Corp*.

**CERTIFICATE OF CONFERRAL**

Counsel for the parties hereby certify that they conferred via telephone regarding the relief sought in this motion in a good faith effort to resolve the issues raised in the motion and they were unable to reach an agreement.

WHEREFORE Plaintiff, ANN O'MALLEY and Defendant, PRINCESS CRUISE LINES, LTD. respectfully request that the Court: (1) set a discovery hearing on Plaintiff's interrogatory nos. 10 and 20; and (2) grant any further relief the Court deems just and proper.

Respectfully submitted,

*/s/ Laurence M. Krutchik, Esq.*

Thomas B. Scolaro, Esq.
Florida Bar No. 178276
Scolaro Law
1728 Coral Way, Suite 702
Miami, Florida 33145
Tel: (305) 424-2300
Fax: (305) 424-2140
tom@usinjury.law

Laurence M. Krutchik, Esq.
Florida Bar No. 69449
LMK Legal
7450 SW 172nd Street
Palmetto Bay, Florida 33157
Tel: (305) 527-6866
Fax: (305) 433-2334
lmk@lmklegal.com
*Attorneys for Plaintiff*

*/s/ Michael J. Drahos, Esq.*

Michael J. Drahos, Esq.
Florida Bar No. 0617059
Ashley Genoese
Florida Bar No. 1019357

GrayRobinson, P.A.
515 North Flagler Drive, Suite 650
West Palm Beach, Florida 33140
Telephone: (561) 268-5727
Michael.drahos@gray-robinson.com
Ashley.genoese@gray-robinson.com
Lilia.parker@gray-robinson.com

*Attorneys for Defendant*