# EXHIBIT "A"

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:25-cv-24748**

**ANN O'MALLEY,**

Plaintiff,

v.

**PRINCESS CRUISE LINES, LTD.,**

Defendant.
_________________________________/

**DEFENDANT, PRINCESS CRUISE LINES, LTD.'S NOTICE OF SERVICE OF ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Defendant, PRINCESS CRUISE LINES, LTD., by and through undersigned counsel, hereby serves its Answers to Plaintiff's First Set of Interrogatories.

**CERTIFICATE OF SERVICE**

I hereby certify that on February 18, 2026, a copy of the foregoing was served via e-mail to the recipients listed on the Service List below.

GrayRobinson, P.A.
515 North Flagler Drive, Suite 650
West Palm Beach, Florida 33401
Tel: (561) 268-5727
Fax: (561) 268-5747

By: */s/ Ashley Genoese*
Michael J. Drahos
Florida Bar No. 0617059
Ashley N. Genoese
Florida Bar No. 1019357
Charles Roussin
Florida Bar No. 1010409
*Michael.Drahos@Gray-Robinson.com*
*Ashley.Genoese@Gray-Robinson.com*
*Charles.Roussin@Gray-Robinson.com*

**SERVICE LIST**
**CASE NO. 1:25-cv-24748**

Thomas B. Scolaro, Esq.
Scolaro Law
1728 Coral Way, Suite 702
Miami, Florida 33145
Tel: (305) 424-2300
Fax: (305) 424-2140
tom@usinjury.law

Laurence M. Krutchik, Esq.
LMK Legal
7450 SW 172nd Street
Palmetto Bay, Florida 33157
Tel: (305) 527-6866
Fax: (305) 433-2334
lmk@lmklegal.com

*Attorneys for Plaintiff*

## I. <u>PRELIMINARY OBJECTION</u>

Defendant objects to the interrogatories propounded as they exceed the amount permitted under Federal Rule of Civil Procedure 33, which specifically limits the total number that may be served on a party to "no more than 25 written interrogatories, including all discrete subparts." Although the interrogatories propounded by Plaintiff are only numbered to 22, they contain multiple discrete subparts and document requests and therefore exceed the amount permitted.

A request for identification of documents constitutes a "discrete subpart" and must be counted as a separate interrogatory. *See, e.g. New River Dry Dock, Inc. v. Falls at Marina Bay, L.P.*, 2008 WL 2620727, at *4 (S.D. Fla. 2008); *see also Commodores Entertainment Corp. v. McClary*, 2015 WL 12843874, at *3 (M.D. Fla. 2015) (ruling that requests to detail a basis for denials as well as identify any documentations supporting the denial constitute two discrete subparts and should be counted as two separate interrogatories). In addition to the interrogatories asking for documents, the substance of the questions similarly contain multiple discrete subparts. "District Courts in the Eleventh Circuit, like most district courts in other circuits, have adopted and applied "the 'related question' test to determine whether the subparts are discrete, asking whether the particular subparts are 'logically or factually subsumed within and necessarily related to the primary question.'" *Perez v. Aircom Management Corp., Inc.*, 2012 WL 6811079 (S.D. Fla. 2012).

Defendant's response to the following interrogatories has been made in a good faith effort to cooperate in discovery but is not to be construed as a voluntary waiver of its objection to Plaintiff's violation of Rule 33, which is specifically asserted herein.

## II. PRELIMINARY STATEMENT

The party on whose behalf these Responses are given has not yet completed its investigation of the facts relating to this incident, has not yet completed its discovery in this action, and has not yet completed its preparation for trial. Consequently, the following Responses are given without prejudice to the responding party's right to produce, at the time of trial, subsequently discovered evidence relating to the proof of facts subsequently discovered to be relevant.

Except for facts exclusively admitted herein, no admission of any nature whatsoever is to be implied or inferred. The fact that a request herein has been answered should not be taken as an admission or concession of the existence of any fact as set forth or assumed. All responses are given on the basis of present recollection.

**DEFENDANT'S ANSWERS TO PLAINTIFF'S INITIAL INTERROGATORIES**

1. List the name, address, official position, and relationship to Defendant of the person answering these interrogatories.

**ANSWER: These interrogatories are being answered by Mary Jones, Claims Adjuster, on behalf of Princess Cruise Lines, Ltd., with the assistance of counsel.**

2. Please identify any and all person(s) known to you to have knowledge of the relevant facts upon which this lawsuit is based, providing a description of the information or facts upon which they are knowledgeable.

**ANSWER: Objection. Defendant objects to providing the personal home addresses, of the Ship's Medical Staff and crew members identified below as an unwarranted invasion of privacy. Without waiving the foregoing objections, to the best of Defendant's knowledge at this time, the following individuals may have knowledge with regard to Plaintiff's alleged accident and/or damages:**

**Ann O'Malley, Plaintiff**

**The Plaintiff has knowledge regarding (a) the circumstances surrounding the alleged incident; (b) the alleged damages; and (c) medical treatment received before and after the alleged incident.**

**James O'Malley, Plaintiff's husband**
**Address unknown**

**Mr. O'Malley may have knowledge regarding the circumstances surrounding the alleged incident.**

**Jericho Bautista, MD, Ship Physician**
**Currently not onboard a *Princess* vessel. Home country is New Zealand*.**
**c/o GrayRobinson, P.A.**

**Dr. Bautista may have knowledge regarding the medical care to Ms. O'Malley on board the subject cruise.**

**Martelie Angela Rhius, MD, Ship Physician**
**Currently onboard *Noordam*, scheduled to sign off on 5/31/26.**
**c/o GrayRobinson, P.A.**

**Dr. Rhius may have knowledge regarding the medical care to Ms. O'Malley on board the subject cruise.**

**Margaret Lyall Erasmus, Ship Nurse**
**Not currently onboard a *Princess* vessel, scheduled to join *Quest* on 2/17/26.**

**c/o Princess Cruise Lines, Ltd.**

**Nurse Erasmus may have knowledge regarding the medical care to Ms. O'Malley on board the subject cruise.**

**Natasha Smith, Ship Nurse**
**Currently onboard *Emerald Princess*, scheduled to sign off on 6/4/26.**
**c/o Princess Cruise Lines, Ltd.**

**Nurse Smith may have knowledge regarding the medical care to Ms. O'Malley on board the subject cruise.**

**Deshan Govender, Ship Nurse**
**Currently onboard *Zaandam*, scheduled to sign off on 3/16/26.**
**c/o Princess Cruise Lines, Ltd.**

**Nurse Govender may have knowledge regarding the medical care to Ms. O'Malley on board the subject cruise.**

**Joshua Lee Tindel, Paramedic**
**Not currently onboard a *Princess* vessel, currently on medical leave.**
**c/o Princess Cruise Lines, Ltd.**

**Paramedic Tindel may have knowledge regarding the medical care to Ms. O'Malley on board the subject cruise.**

**Mark Anthony Sheehan, Paramedic**
**Not currently onboard a *Princess* vessel, scheduled to join *Sun Princess* on 4/16/26.**
**c/o Princess Cruise Lines, Ltd.**

**Paramedic Sheehan may have knowledge regarding the medical care to Ms. O'Malley on board the subject cruise.**

**Omar Leyva Andres**
**Port Agent Operation and Logistics Manager**
**Agencia de Buques Buelna Cabo San Lucas**

**This witness was notified of the medical disembarkation and may have knowledge.**

*** Crewmember locations and ship assignments are subject to change and will be updated through the course of discovery.**

**Defendant objects to providing personal contact information for its crewmembers. Their depositions may be scheduled at a mutually convenient date and time.**

**Discovery is ongoing and Defendant preserves the right to amend and supplement its response.**

3. If you claim that the incident resulted from Plaintiff's own contributory negligence, fault, lack of care, inattention to duties, or failure to take ordinary precautions commensurate with his own safety, please set forth fully and specifically the facts upon which you rely for those claims.

**ANSWER: Undetermined at this time. Upon information and belief, Plaintiff and/or James O'Malley may be negligent wholly or in part for failing to use reasonable care in monitoring and controlling Plaintiff's pre-existing medical conditions, failing to abide by physician and medical personnel recommendations, failing to properly timely seek appropriate medical care, failing to properly treat pre-existing medical conditions, failing to use reasonable care given Plaintiff's comorbidities, and failing to mitigate her damages. Discovery is in the early stages and ongoing and Defendant preserves the right to amend and supplement its response.**

4. Please state factual basis for any affirmative defenses raised by the Defendant in its answer.

**ANSWER: Undetermined at this time. Defendant intends to rely on the materials produced in discovery, testimony of the Plaintiff and fact witnesses, and forthcoming expert witness opinions and testimony. Discovery is ongoing, Plaintiff's deposition has not yet been taken, and Defendant will supplement this response.**

5. Have you conducted an investigation—either informal or formal—into the cause or causes of the incident in question? If your answer is in the affirmative, please identify each and every person conducting said investigation(s), the date(s) on which said investigation(s) were performed, who was present during said investigation(s), the results of such investigation, and the transmission of the results of the investigation to any other person.

**ANSWER: Objection. Defendant objects to this interrogatory as vague an ambiguous as to "informal investigation." Notwithstanding, as to any formal shipboard investigation regarding Plaintiff's alleged incident, no. There are further no shipboard investigation or incident reports regarding Plaintiff's alleged incident. Discovery is ongoing, Plaintiff's deposition has not yet been taken, and Defendant will supplement this response. Defendant further objects to the extent this interrogatory seeks investigative materials protected by the attorney-client privilege and work product doctrine. See *Berry v. Haynes*, 41. F.R.D. 243, 244 (S.D. Fla. 1966); *Wood v. Todd Shipyards*, 45 F.R.D. 363, 264 (S.D. Tex. 1968); *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). The interrogatory is too vague to prepare a privilege log.**

6. Do you possess any statements, whether signed or unsigned, written or otherwise, concerning facts relating to the incident made the basis of this lawsuit or the injuries therefrom? If your answer is "yes," identify each person from whom you possess a statement; state when and

where each and every statement or statements were taken; and identify the person who took each such statement and by whom each person was employed at the time such statement was taken.

**ANSWER: Upon information and belief, none other than what may be contained in Plaintiff's shipboard medical records, being produced with Defendant's Response to Request for Production.**

7. Identify each person aboard the *Emerald Princess* at the time of the incident made the basis of this lawsuit who was employed by Defendant to provide medical care. Include doctors, physicians, nurses, and any other employees who had responsibility to provide medical care and list their respective position.

**ANSWER: Objection. Defendant objects to this interrogatory as overly broad in time and scope, vague and ambiguous as to "employed by Defendant to provide medical care," and "responsibility to provide medical care," not limited to any relevant issue of Plaintiff's claims, including not limited to any personnel who provided medical care and treatment to Ann O'Malley aboard the ship, and thus not proportional to the needs of this case.**

**Although the interrogatory is objectionable for the aforementioned reasons, Defendant in good faith responds with specificity as follows: As to medical personnel who provided care and treatment to Ann O'Malley aboard the subject vessel, see Defendant's Answer to Interrogatory No. 2, above.**

8. Please describe in detail the relationship between the Defendant and the physicians and/or medical personnel who treated the Plaintiff. Please indicate if a contractual relationship exists between Defendant and the physicians and/or medical personnel.

**ANSWER: Objection. Defendant objects to this interrogatory as overly broad in time and scope, with no temporal limitation, thus inherently overbroad, and vague and ambiguous as to "relationship" an undefined term. *See Nat'l Staffing Sols., Inc. v. Sanchez*, No. 6:21-CV-1590-PGB-LHP, 2022 WL 19354640, at *9 (M.D. Fla. Sept. 12, 2022) (finding discovery request with no temporal scope as overly broad, as it provides no time limit).**

**Although the interrogatory is objectionable for the aforementioned reasons, Defendant in good faith responds with specificity as follows: The ship physicians who treated Ann O'Malley are employees of Princess Cruise Lines. The nurses who treated Ann O'Malley are employees of Defendant Princess Cruise Lines.**

9. State the name and address of the Defendant's medical director, or the person at PRINCESS in charge of medical emergencies, medical evacuations and air evacuations from a PRINCESS vessel. (This interrogatory seeks details on the individual from PRINCESS in charge of the planning and execution of such medical instances.).

**ANSWER: Objection. Defendant objects to this interrogatory as vague and ambiguous and overly broad as having no temporal limitation. Although the interrogatory is objectionable for the aforementioned reasons, Defendant in good faith responds with specificity as follows: There is no individual with the title of "Medical Director" at *Princess Cruise Lines Ltd.* The Senior Director of Fleet Medical Operations is Dr. Joseph Scott. The determination to medically disembark a passenger is made by the Senior Doctor onboard the vessel in coordination with the Captain, who determines logistical feasibility/safety.**

10. Please list all instances for the three years preceding the subject incident where PRINCESS evacuated a passenger or crewmember from a vessel as a result of a stroke or suspected stroke, listing the date of the evacuation, the type of evacuation (i.e. rescue/tender boat, air evacuation, U.S.C.G. or agency assisted evacuation, air ambulance, etc.), the approximate location of the vessel at the time of evacuation, the medical facility or location where the patient was taken after being evacuated, and the name and address of the individual who made the decision to evacuate the passenger from the vessel.

**ANSWER: Objection. Defendant objects to the unduly burdensome nature of this interrogatory as Defendant does not maintain records to this effect and would therefore be unable to respond without attempting to perform a manual search of medical records generated across its entire fleet over an unlimited amount of time. Without any logical nexus to the material issues in this case, this request is essentially a fishing expedition that is not proportionate to the needs of the case under FRCP 26(b)(a). *Armas v. Miabraz*, LLC, No. 12-20063-CIV, 2012 WL 13014668, at *2 (S.D. Fla. June 22, 2012); *Sommerfield v. City of Chicago*, 251 F.R.D. 353, 358 (N.D. Ill. 2008) (stating that "[t]he discovery rules are not a ticket ... to an unlimited never-ending exploration of every conceivable matter that captures an attorney's interest"). Defendant further objects as this interrogatory as overly broad in time and scope, vague and ambiguous as to "internal bleeding or suspected internal bleeding," not limited to any factually similar conditions or hazards as Plaintiff's claims as it potentially calls for information involving different doctors and different skills in different environments treating different conditions under entirely different circumstances and thus not proportional to the needs of this case. *Ree v. Royal Caribbean Cruises, Ltd.*, 315 F.R.D. 682, 687 (S.D. Fla. 2016) ("[D]iscovery requests ... that are not adequately linked to a particular hazard, location or condition are not enforceable."); *Glatter v MSC Cruises,* 2019 WL 1300896 (S.D. Fla. 2019) ("Prior incidents that do not or would not put the Defendant on notice are not relevant."); *Konczakowski v. Paramount Pictures, Inc.,* 20 F.R.D. 588 (S.D.N.Y. 1957). Defendant further objects to the extent this interrogatory seeks medical history of individuals as a violation of state and federal privacy laws, including HIPAA, without the consent of the individuals.**

11. Please state the name of any physicians onboard the *Emerald Princess* on the cruise in question and please also state whether any claims have been brought against those physicians during their employment with PRINCESS.

**<u>ANSWER</u>: Objection. Defendant objects to the unduly burdensome nature of this interrogatory as Defendant does not maintain records to this effect and would therefore be unable to respond without attempting to perform a manual search of medical records generated across its entire fleet over an unlimited amount of time. Without any logical nexus to the material issues in this case, this request is essentially a fishing expedition that is not proportionate to the needs of the case under FRCP 26(b)(a). *Armas v. Miabraz*, LLC, No. 12-20063-CIV, 2012 WL 13014668, at *2 (S.D. Fla. June 22, 2012); *Sommerfield v. City of Chicago*, 251 F.R.D. 353, 358 (N.D. Ill. 2008) (stating that "[t]he discovery rules are not a ticket ... to an unlimited never-ending exploration of every conceivable matter that captures an attorney's interest"). Further, Defendant objects as this interrogatory as overly broad in time and scope, with no temporal limitation, vague and ambiguous as to "claims," not limited to any relevant factual similarity to the Plaintiff's claims here, and further not limited to physicians who actually provided medical treatment to Katherine Dennis, and thus not proportional to the needs of this case. *See Nat'l Staffing Sols., Inc. v. Sanchez*, No. 6:21-CV-1590-PGB-LHP, 2022 WL 19354640, at *9 (M.D. Fla. Sept. 12, 2022) (finding discovery request with no temporal scope as overly broad, as it provides no time limit); *Ree v. Royal Caribbean Cruises, Ltd.*, 315 F.R.D. 682, 687 (S.D. Fla. 2016) ("[D]iscovery requests ... that are not adequately linked to a particular hazard, location or condition are not enforceable."); *Glatter v MSC Cruises,* 2019 WL 1300896 (S.D. Fla. 2019) ("Prior incidents that do not or would not put the Defendant on notice are not relevant."); *Konczakowski v. Paramount Pictures, Inc.,* 20 F.R.D. 588 (S.D.N.Y. 1957).**

**Although the interrogatory is objectionable for the aforementioned reasons, Defendant in good faith responds with specificity as follows: For the identities of the ship physicians who treated Ms. O'Malley on the subject voyage, see Answer to Interrogatory No. 2 above.**

12. Describe with specificity the process for determining if an injured or ill crew or passenger will be evacuated or disembarked from a PRINCESS vessel, specifically listing the steps and considerations, the individuals to be consulted or contacted, the individuals necessary to make the determination and the chain of command, the follow up procedures for documenting the evacuation or disembarkation, and the specific name(s) of PRINCESS'S policies and procedures pertaining to medical disembarkation and evacuation.

**<u>ANSWER</u>: Objection. Defendant objects as this interrogatory is overly broad in time and scope, with no temporal limitation, vague and ambiguous as to "claims," not limited to any relevant factual similarity to the Plaintiff's claims here, and further not limited to physicians who actually provided medical treatment to Ann O'Malley, and thus not proportional to the needs of this case. *See Nat'l Staffing Sols., Inc. v. Sanchez*, No. 6:21-CV-1590-PGB-LHP, 2022 WL 19354640, at *9 (M.D. Fla. Sept. 12, 2022) (finding discovery request with no temporal scope as overly broad, as it provides no time limit); *Ree v. Royal Caribbean Cruises, Ltd.*, 315 F.R.D. 682, 687 (S.D. Fla. 2016) ("[D]iscovery requests ... that are not adequately linked to a particular hazard, location or condition are not enforceable."); *Glatter v MSC Cruises,* 2019 WL 1300896**

**(S.D. Fla. 2019) ("Prior incidents that do not or would not put the Defendant on notice are not relevant."); *Konczakowski v. Paramount Pictures, Inc.,* 20 F.R.D. 588 (S.D.N.Y. 1957).**

**Although the interrogatory is objectionable for the aforementioned reasons, Defendant in good faith responds with specificity as follows: Defendant cannot answer the Interrogatory as phrased because each medical evaluation is different and the process is unique to the particular circumstances involved. As to policies and procedures regarding medical disembarkation and evacuation, see policies in effect during the subject voyage, produced in Defendant's Response to Request for Production.**

13. Please provide the last time that a revision, change, or alteration was made to PRINCESS'S policies and procedures for determining the necessity of a medical evacuation of a passenger or crewmember, and describe the revision, change, or alteration and the reason for making it.

**ANSWER: None, as Princess Cruise Lines does not have a policy or procedure for determining the necessity of a medical evacuation of a passenger or crewmember as this is the exclusive duty and responsibility of the treating ship physician based upon their individual judgment and professional expertise.**

14. Please identify each and every report or statement made by PRINCESS (including those made on behalf of PRINCESS by any third-party) regarding the facts of this incident and the medical events leading up to the disembarkation of the Plaintiff from the *Emerald Princess,* including all accident, incident, security, and reports made to the United States Coast Guard or any other governmental agency. As to each please indicate the date it was created, the author, and the title/type of the report or statement.

**ANSWER: Objection. Defendant objects to this interrogatory to the extent it seeks materials or information protected by the work product privilege. F.R.C.P. 26(b)(3)(a); *Bridgewater v. Carnival Corp*., 286 F.R.D. 636, 643 (S.D. Fla. 2011) (finding that the cruise line demonstrates that the primary purpose behind the accident report was to aid Carnival in possible future litigation.); *Lobegeiger v. Royal Caribbean Cruises Ltd*., 2012 WL 760857, at *1 (S.D. Mar. 7, 2012) ("…the accident report was created in anticipation of litigation and is, therefore, protected by the work product doctrine."); *Fojtasek v. NCL (Bahamas) Ltd*., 262 F.R.D. 650 (S.D. Fla. 2009) ("accident records and reports… are work product prepared in anticipation of litigation."); *Hayden v. NCL (Bahamas) Ltd.*, No. 07-23298-KING (S.D. Fla. Aug. 15, 2008). See Defendant's Privilege Log.**

**Although the request is objectionable for the aforementioned reasons, Defendant in good faith responds with specificity as follows: To the extent this interrogatory seeks materials or communications sent to the US Coast Guard: None. Otherwise, Port Agent Operation and Logistics Manager, Omar Leyva Andres, of Agencia de Buques Buelna Cabo San Lucas was contacted to assist with medical disembarkation via local**

**tender.**

15. Please explain why the Plaintiff was not medically evacuated from the *Emerald Princess.*

**<u>ANSWER</u>: Objection. Defendant objects to this interrogatory as vague and ambiguous as to time frame as there is no temporal limitation. *See Nat'l Staffing Sols., Inc. v. Sanchez*, No. 6:21-CV-1590-PGB-LHP, 2022 WL 19354640, at *9 (M.D. Fla. Sept. 12, 2022) (finding discovery request with no temporal scope as overly broad, as it provides no time limit). Without waiving the foregoing objection, Defendant defers to the shipboard physicians and the Captain, who were responsible for making such decisions and can more comprehensively explain the process in response to more specific questioning during deposition.**

16. Please list the specific coordinates of the *Emerald Princess's* location on the following dates and times:

a. February 6, 2024 at 16:45
b. February 6, 2024 at 18:36
c. February 6, 2024 at 19:02
d. February 6, 2024 at 22:30
e. February 6, 2024 at 22:48
f. February 6, 2024 at 23:54
g. February 7, 2024 at 08:19
h. February 7, 2024 at 12:00
i. February 8, 2024 at 03:45
j. February 8, 2024 at 05:00
k. February 8, 2024 at 08:00
l. February 6, 2024 at 11:00

**<u>ANSWER</u>: See ship logs attached to Defendant's Response to Request for Production, bates stamped as GR000595 through GR001192.The materials speak for themselves.**

17. Was the United States Coast Guard, Mexican Coast Guard, and/or Mexico's Maritime Search and Rescue (Búsqueda y Rescate Marítimo) contacted or consulted in regard to the Plaintiff? If so, please indicate the date and times of contact/communication, method of contact or communication, names of all those involved in the communication, substance of the communications with specificity, and whether a determination to evacuate the Plaintiff was made.

**<u>ANSWER</u>: Upon information and belief, no. Discovery is ongoing and Defendant reserves the right to supplement this response.**

18. Were any shoreside physicians or medical personnel contacted or consulted in regard to the Plaintiff (Including PRINCESS'S shore-based personnel, any shore-based physicians or medical practitioners, any providers, hospitals, or care and treatment centers, and any personnel involved in any telemedicine calls)? If so, please indicate the date and times of any such

consultation/communication, the method of contact or communication, names, titles, and positions of all those involved in the communication, substance of the communications with specificity, and whether a determination to evacuate or disembark the Plaintiff was made.

**<u>ANSWER</u>: Objection. Defendant objects to this request as overly broad in time and scope, with no temporal limitation, vague and ambiguous as to "in regard to Plaintiff," not tailored to any of Plaintiff's claims for negligence, and not proportional to the needs of this case. *Drone Nerds Franchising, LLC v. Childress*, No. 19-CV-61153, 2021 WL 7543800, at *3 (S.D. Fla. Nov. 15, 2021) ("[A] matter is deemed to be irrelevant if it does not pertain to a claim or defense of any party in the case."); (citing *Jeld-Wen, Inc. v. Nebula Glasslam Int'l, Inc.*, 07-22326-CIV, 2008 WL 11333258, at *3 (S.D. Fla. Mar. 3, 2008)); *see Wrangen v. Pennsylvania Lumbermans Mut. Ins. Co.*, 593 F. Supp. 2d 1273, 1278 (S.D. Fla. 2008) (finding that defendant meets its obligation in objecting to a discovery request when it shows the requested discovery has no possible bearing on the claims or defenses raised in the case).**

**Although the request is objectionable for the aforementioned reasons, Defendant in good faith responds with specificity as follows: See shipboard Medical Chart and medical records, attached to Defendant's Response to Request for Production. Additionally, Jared Davis and Monika Pisonic, MD of the Health Operations Center in Miami were kept apprised of the medical disembarkation.**

19. If you contend that some person, thing or entity other than either the Plaintiff, Plaintiff's husband, or Defendant, by some act or omission, caused or contributed to cause the incident in question in any way, no matter how slight or small, or the injuries allegedly resulting therefrom, identify that person, entity, or thing, and describe the cause or contribution to the incident.

**<u>ANSWER</u>: Undetermined at this time. Discovery is ongoing and Defendant preserves the right to amend and supplement its response.**

20. Please list with specificity any prior incidents involving any PRINCESS vessel during the three years preceding the subject incident where a passenger was medically disembarked or evacuated at Los Angeles, California, Cabo San Lucas, Mexico, and/or evacuated at sea during travel from Los Angeles, California to Puerta Vallarta, Mexico relating to any medical condition.

**<u>ANSWER</u>: Objection. Defendant objects to Plaintiff's interrogatory as overbroad in time and scope, unduly burdensome, not proportional to the needs of this case, and not limited in any way to a relevant condition, circumstance, or location. Specifically, Plaintiff's request encompasses various different medical personnel on any vessel, and unlimited injuries/treatment/medical care, that are factually dissimilar to the Plaintiff's subject claims and has no relevancy to any of Plaintiff's claims. *Ree v. Royal Caribbean Cruises, Ltd.*, 315 F.R.D. 682, 687 (S.D. Fla. 2016) ("[D]iscovery requests ... that are not adequately linked to a particular hazard, location or condition are not enforceable."); *Drone Nerds Franchising, LLC v. Childress*, No. 19-CV-61153, 2021**

**WL 7543800, at *3 (S.D. Fla. Nov. 15, 2021) ("[A] matter is deemed to be irrelevant if it does not pertain to a claim or defense of any party in the case."). Defendant additionally objects to providing the personal contact information and medical history of individuals as a violation of state and federal privacy laws, including HIPAA, without the consent of the individuals. Defendant further objects to this request to the extent it potentially seeks information protected by attorney-client privilege and work product doctrine. *See Berry v. Haynes*, 41. F.R.D. 243, 244 (S.D. Fla. 1966); *Wood v. Todd Shipyards*, 45 F.R.D. 363, 264 (S.D. Tex. 1968); *Hickman v. Taylor*, 329 U.S. 495, 507 (1947).**

**Further, Defendant objects to the unduly burdensome nature of this interrogatory as Defendant does not maintain records to this effect and would therefore be unable to respond without attempting to perform a manual search of medical records generated across its entire fleet over an unlimited amount of time. Without any logical nexus to the material issues in this case, this interrogatory is essentially a fishing expedition that is not proportionate to the needs of the case under FRCP 26(b)(a). *Armas v. Miabraz, LLC*, No. 12-20063-CIV, 2012 WL 13014668, at *2 (S.D. Fla. June 22, 2012); *Sommerfield v. City of Chicago*, 251 F.R.D. 353, 358 (N.D. Ill. 2008) (stating that "[t]he discovery rules are not a ticket ... to an unlimited never-ending exploration of every conceivable matter that captures an attorney's interest").**

21. Please list with specificity any prior incident, during the three years preceding the subject incident, where a passenger was medically disembarked or evacuated, relating to any medical condition, and involving any of the medical personnel onboard the *Emerald Princess* at the time of the subject incident.

**<u>ANSWER</u>: Objection. Defendant objects to Plaintiff's interrogatory as overbroad in time and scope, unduly burdensome, not proportional to the needs of this case, and not limited in any way to a relevant condition, circumstance, or location. Specifically, Plaintiff's request encompasses various different medical personnel on any vessel, and unlimited injuries/treatment/medical care, that are factually dissimilar to the Plaintiff's subject claims and has no relevancy to any of Plaintiff's claims. *Ree v. Royal Caribbean Cruises, Ltd.*, 315 F.R.D. 682, 687 (S.D. Fla. 2016) ("[D]iscovery requests ... that are not adequately linked to a particular hazard, location or condition are not enforceable."); *Drone Nerds Franchising, LLC v. Childress*, No. 19-CV-61153, 2021 WL 7543800, at *3 (S.D. Fla. Nov. 15, 2021) ("[A] matter is deemed to be irrelevant if it does not pertain to a claim or defense of any party in the case."). Defendant additionally objects to providing the personal contact information and medical history of individuals as a violation of state and federal privacy laws, including HIPAA, without the consent of the individuals. Defendant further objects to this request to the extent it potentially seeks information protected by attorney-client privilege and work product doctrine. *See Berry v. Haynes*, 41. F.R.D. 243, 244 (S.D. Fla. 1966); *Wood v. Todd Shipyards*, 45 F.R.D. 363, 264 (S.D. Tex. 1968); *Hickman v. Taylor*, 329 U.S. 495, 507 (1947).**

**Further, Defendant objects to the unduly burdensome nature of this interrogatory as Defendant does not maintain records to this effect and would therefore be unable to respond without attempting to perform a manual search of medical records generated across its entire fleet over an unlimited amount of time. Without any logical nexus to the material issues in this case, this interrogatory is essentially a fishing expedition that is not proportionate to the needs of the case under FRCP 26(b)(a). *Armas v. Miabraz, LLC*, No. 12-20063-CIV, 2012 WL 13014668, at *2 (S.D. Fla. June 22, 2012); *Sommerfield v. City of Chicago*, 251 F.R.D. 353, 358 (N.D. Ill. 2008) (stating that "[t]he discovery rules are not a ticket ... to an unlimited never-ending exploration of every conceivable matter that captures an attorney's interest").**

22. Please list with specificity any formal claims or complaints of medical negligence made against any of the medical personnel onboard the *Emerald Princess* at the time of the subject incident.

**<u>ANSWER</u>: Objection. Defendant objects to Plaintiff's interrogatory as overbroad in time and scope, unduly burdensome, not proportional to the needs of this case, and not limited in any way to a relevant condition, circumstance, or location. Specifically, Plaintiff's request encompasses various different medical personnel on any vessel, and unlimited injuries/treatment/medical care, that are factually dissimilar to the Plaintiff's subject claims and has no relevancy to any of Plaintiff's claims. *Ree v. Royal Caribbean Cruises, Ltd.*, 315 F.R.D. 682, 687 (S.D. Fla. 2016) ("[D]iscovery requests ... that are not adequately linked to a particular hazard, location or condition are not enforceable."); *Drone Nerds Franchising, LLC v. Childress*, No. 19-CV-61153, 2021 WL 7543800, at *3 (S.D. Fla. Nov. 15, 2021) ("[A] matter is deemed to be irrelevant if it does not pertain to a claim or defense of any party in the case."). Defendant additionally objects to providing the personal contact information and medical history of individuals as a violation of state and federal privacy laws, including HIPAA, without the consent of the individuals. Defendant further objects to this request to the extent it potentially seeks information protected by attorney-client privilege and work product doctrine. *See Berry v. Haynes*, 41. F.R.D. 243, 244 (S.D. Fla. 1966); *Wood v. Todd Shipyards*, 45 F.R.D. 363, 264 (S.D. Tex. 1968); *Hickman v. Taylor*, 329 U.S. 495, 507 (1947).**

**Further, Defendant objects to the unduly burdensome nature of this interrogatory as Defendant does not maintain records to this effect and would therefore be unable to respond without attempting to perform a manual search of medical records generated across its entire fleet over an unlimited amount of time. Without any logical nexus to the material issues in this case, this interrogatory is essentially a fishing expedition that is not proportionate to the needs of the case under FRCP 26(b)(a). *Armas v. Miabraz, LLC*, No. 12-20063-CIV, 2012 WL 13014668, at *2 (S.D. Fla. June 22, 2012); *Sommerfield v. City of Chicago*, 251 F.R.D. 353, 358 (N.D. Ill. 2008) (stating that "[t]he discovery rules are not a ticket ... to an unlimited never-ending exploration of every conceivable matter that captures an attorney's interest").**

**ACKNOWLEDGEMENT AND VERIFICATION OF ANSWERS TO**
**PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Pursuant to 28 U.S.C. S 1746(2), I declare under penalty of perjury that while I do not have personal knowledge of all the facts recited in the foregoing Answers to Plaintiff's First Set of Interrogatories, the information contained therein has been collected and made available to me by others, and said Answers are true and correct to the best of my information, knowledge and belief based upon the information made available to me and therefore the foregoing Answers are verified on behalf of Princess Cruise Lines, Ltd.

**Dated:** March 6, 2026

By: Mary Jones
**Mary Jones**
Claims Adjuster, Risk Management
On Behalf of Princess Cruise Lines, Ltd.