**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:25-cv-24748**

**ANN O'MALLEY,**

Plaintiff,

v.

**PRINCESS CRUISE LINES, LTD.,**

Defendant.
_________________________________/

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**
**TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant, PRINCESS CRUISE LINES, LTD. ("Princess"), by and through undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiff's Amended Complaint [ECF No. 9], and states as follows*:

**ANSWER**

1. Denied.

**JURISDICTION AND VENUE**

2. Admitted that U.S. general maritime law applies, denied for all other reasons.

3. Admitted for purposes of this litigation that jurisdiction is proper, denied for all other reasons.

4. Admitted for purposes of this litigation that jurisdiction is proper, denied for all other reasons.

5. Admitted for purposes of this litigation that jurisdiction is proper, denied for all other reasons.

6. Admitted that U.S. general maritime law applies, denied for all other reasons.

7. Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in this paragraph.

8. Admitted for purposes of this litigation that jurisdiction is proper, denied for all other reasons.

9. Admitted that Defendant operates a cruise line and that jurisdiction is proper in this litigation, denied for all other reasons.

10. Admitted that Defendant operates a cruise line and that that jurisdiction is proper in this litigation, denied for all other reasons.

11. Admitted that the shipboard doctors and nurses were working onboard the vessel pursuant to contracts with Defendant, denied for all other reasons.

**FACTUAL BACKGROUND**

12. Admitted that Princess is engaged in the business of providing vacation cruises and that Princess may be deemed the owner and operator of the subject cruise ship.

13. Admitted that Princess offers family friendly vacations and provides guests the opportunity to seek medical services aboard its vessels that are staffed with competent personnel capable of making sound medical decisions, including potentially the need for evacuation when medically warranted and logistically feasible.

14. Denied as phrased.

15. Denied.

16. Denied as phrased.

17. Denied.

18. Denied.

19. Denied.

20. Denied as phrased.

21. Denied as phrased.

22. Denied.

23. Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in this paragraph.

24. Admitted that Plaintiff and her husband were lawfully aboard the vessel, denied for all other reasons.

25. Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in this paragraph.

26. Admitted that Dr. Bautista was working as a ship physician aboard the vessel and working within the scope of his employment pursuant to a contract with Defendant.

27. Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in this paragraph.

28. Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in this paragraph.

29. Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in this paragraph.

30. Denied.

31. Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in this paragraph.

32. Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in this paragraph.

33. Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in this paragraph.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

**COUNT I - NEGLIGENCE**

45. Defendant re-asserts its responses to Paragraphs 1 through 44 as though fully set forth herein.

46. Denied.

47. Admitted that Defendant has a duty to act reasonably under the circumstances.

48. Denied.

49. Denied, including all subparts.

50. Denied.

51. Denied.

**COUNT II – NEGLIGENCE OF NON-MEDICAL PERSONNEL**
(Vicarious Liability Based Upon Actual Agency / *Respondeat Superior*)

52. Defendant re-asserts its responses to Paragraphs 1 through 44 as though fully set forth herein.

53. Denied as phrased.

54. Admitted that Defendant has a duty to act reasonably under the circumstances.

55. Denied, including all subparts.

56. Denied.

57. Denied.

**COUNT III – NEGLIGENCE OF MEDICAL PERSONNEL**
(Vicarious Liability Based Upon Actual Agency / *Respondeat Superior*)

58. Defendant re-asserts its responses to Paragraphs 1 through 44 as though fully set forth herein.

59. Denied as phrased.

60. Denied as phrased.

61. Denied as phrased.

62. Admitted that Defendant has a duty to act reasonably under the circumstances.

63. Denied, including all subparts.

64. Denied.

65. Denied.

**COUNT IV – NEGLIGENCE OF MEDICAL PERSONNEL**
(Vicarious Liability Based Upon Apparent Agency)

66. Defendant re-asserts its responses to Paragraphs 1 through 44 as though fully set forth herein.

67. Denied as phrased.

68. Denied.

69. Denied.

70. Denied.

71. Denied as phrased.

72. Denied, including all subparts.

73. Denied.

74. Denied.

* All allegations not specifically admitted to are hereby denied, including Plaintiff's requests for damages in the wherefore clauses.

**AFFIRMATIVE DEFENSES**

A. Plaintiff's claims are governed by U.S. general maritime law and any recovery is limited to same.

B. This action is governed by and subject to the terms, limitations and conditions contained within the Plaintiff's Passenger Ticket Contract(s). Specifically, Defendant asserts that the following provisions of the ticket contract are defenses to Plaintiff's claims in this case:

> **IMPORTANT NOTICE TO GUESTS: PLEASE CAREFULLY READ THE FOLLOWING PASSAGE CONTRACT TERMS THAT GOVERN ALL DEALINGS BETWEEN YOU AND THE CARRIER (DEFINED BELOW), AFFECT YOUR LEGAL RIGHTS, AND ARE BINDING ON YOU TO THE FULL EXTENT PERMITTED BY LAW; PARTICULARLY SECTION 5 GOVERNING ELIGIBILITY REQUIREMENTS FOR SAILING; SECTION 14 GOVERNING THE PROVISION OF MEDICAL AND OTHER PERSONAL SERVICES, SECTIONS 15 AND 16 LIMITING LIABILITY OF THE CARRIER, THE VESSEL, AND OTHERS FOR YOUR DEATH, ILLNESS, INJURY, OR DAMAGE CLAIMS RELATING TO BAGGAGE OR PERSONAL PROPERTY, AND SECTION 17 LIMITING YOUR RIGHT TO SUE, IDENTIFYING THE FORUM FOR SUIT, REQUIRING ARBITRATION AND WAIVER OF JURY TRIAL FOR CERTAIN CLAIMS, AND WAIVING YOUR RIGHT TO ARREST OR ATTACH CARRIER'S VESSELS.**
>
> 3. NOTICE CONCERNING SAFETY AND SECURITY.

> There are risks inherent to being aboard the vessel and other means of transportation. These include, by way of example, having to evacuate the vessel or other means of transportation in case of emergency, having to move about on the vessel or other vessels during rough seas and lack of access to full medical services. For people who are ill or who have a mental or physical disability or impairment, these risks are more significant. For example: access to all parts of the vessel, other means of transportation or to facilities on shore may be difficult or impossible for some guests. In addition, medical evacuations during the Cruise, whether at sea, by tender, or by deviating from the scheduled itinerary, may create an increased risk of harm and may not be feasible for a variety of reasons. Carrier reserves the right to determine, in its sole discretion exercised in good faith, whether and when a medical evacuation of any guest from the vessel will occur.
>
> 14. HEALTH, MEDICAL CARE AND OTHER PERSONAL SERVICES.
>
> Due to the nature of travel by sea and the ports visited, the availability of medical care may be limited or delayed and emergency medical evacuation will not be possible from every location to which the vessel sails. All health, medical or other personal services in connection with Your Cruise are provided solely for the convenience and benefit of Guests who may be charged for such services. You accept and use medicine, medical treatment and other personal services available on the vessel or elsewhere at Your sole risk and expense without liability or responsibility of Carrier whatsoever, and agree to indemnify the Carrier for all medical or evacuation costs or expenses incurred on Your behalf. Physicians, nurses or other medical or service personnel work directly for Guest and shall not be considered to be acting under the control or supervision of Carrier, since Carrier is not a medical provider. Carrier does not undertake to supervise the medical expertise of any such medical personnel and will not be liable for the consequences of any examination, advice, diagnosis, medication, treatment, prognosis or other professional services which a physician or nurse may or may not furnish You. Similarly, and without limitation, all spa personnel, instructors, guest lecturers, entertainers and other service personnel shall be considered independent contractors who work directly for the Guest. Carrier strongly recommends that all Guests travel with a sufficient supply of their prescription medications to last fourteen (14) days beyond the scheduled conclusion of the Cruise.

C. Defendant fully discharged its duty to act reasonably under the circumstances in that it adhered to the guidelines for onboard medical facilities recommended by the American College of Emergency Physicians. Furthermore, Plaintiff was provided access to a licensed physician aboard the vessel who rendered reasonable medical care and appropriately counseled Plaintiff on the available treatment options.

D. Defendant fully discharged its duties to the decedent by warning of any and all dangerous or hazardous conditions, if any. Specifically, Plaintiff was warned prior to the subject cruise that while at sea or in the port the availability of medical care may be limited or delayed, or that during all or part of the voyage the vessel may be in areas where medical care and evacuation may not be available.

E. Plaintiff did not exercise ordinary care, caution, or prudence for her own welfare to avoid the happening of the alleged incident, injuries or damages, if any, the existence of which Defendant expressly denies, and by this failure to do so, the Plaintiff thereby directly and proximately contributed to the happening of said alleged injuries, losses and damages, if any, the existence of which the Defendant expressly denies. In particular, Defendant contends Plaintiff either boarded the subject vessel with a pre-existing illness or medical condition that rendered her unfit to travel, and/or failed to seek timely medical treatment for her condition during the voyage when she delayed contacting the ship's physician to report her condition despite her declining health which caused and/or exacerbated her damages. Accordingly, Plaintiff was negligent and therefore is either barred from recovery or the damages in the case must be apportioned and reduced in proportion to the share of negligence attributed to the Plaintiff.

F. This action is barred in whole or in part by the applicable statute of limitations.

G. The Plaintiff's and/or decedent's damages were the result of a pre-existing injury/condition. Assuming, *arguendo*, that any pre-existing mental or physical injury or illness was aggravated by any alleged incident herein, for which this Defendant expressly denies any responsibility, the Plaintiff is only entitled to reimbursement for the degree of aggravation and any and all recovery obtained herein must be reduced to the percentage of aggravation which the Plaintiff allegedly suffered as a result of the subject incident.

H. Defendant has not specifically or intentionally waived any affirmative defenses and specifically reserves the right to allege additional affirmative defenses as they may present themselves in response to information that becomes available through discovery in the future.

I. Defendant, at all times material hereto, complied with all statutes, rules, regulations, industry standards, and in any event, its actions and/or omissions which are strictly denied, were not the legal or factual cause of Plaintiff's injuries or damage claims herein.

* Discovery in this matter is ongoing and Defendant reserves the right to amend and/or add affirmative defenses that appear to be supported by the evidence.

Respectfully submitted,

GrayRobinson, P.A.
515 North Flagler Drive, Ste. 650
West Palm Beach, Florida 33401
Tel: (561) 268-5727
Fax: (561) 268-5747

By: */s/ Ashley Genoese*
Michael J. Drahos
Florida Bar No. 0617059
michael.drahos@gray-robinson.com
Ashley Genoese
Florida Bar No. 1019357
ashley.genoese@gray-robinson.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 12, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other

authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

*/s/ Ashley Genoese*

**SERVICE LIST**
**CASE NO. 1:25-cv-24748**

Thomas B. Scolaro, Esq.
Scolaro Law
1728 Coral Way, Suite 702
Miami, Florida 33145
Tel: (305) 424-2300
Fax: (305) 424-2140
tom@usinjury.law

Laurence M. Krutchik, Esq.
LMK Legal
7450 SW 172nd Street
Palmetto Bay, Florida 33157
Tel: (305) 527-6866
Fax: (305) 433-2334
lmk@lmklegal.com

*Attorneys for Plaintiff*