**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:25-cv-24748-KMW**

**ANN O'MALLEY,**

Plaintiff,

v.

**PRINCESS CRUISE LINES, LTD.,**

Defendant.
_________________________________/

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE [DE 35] TO DEFENDANT'S MOTION IN *LIMINE* TO EXCLUDE OPINIONS AND TESTIMONY OF GERALD NIELSEN AT TRIAL PURSUANT TO *DAUBERT V. MERRILL DOW PHARM, INC.***

Defendant, PRINCESS CRUISE LINES, LTD. (hereinafter "Defendant" or "Princess"), by and through its undersigned counsel, replies to Plaintiff's Response [DE 35] to Defendant's Motion in *Limine* to Exclude Opinions and Testimony of Gerald Nielsen at Trial Pursuant to *Daubert v. Merrill Dow Pharm., Inc.*, 509 U.S. 579 (1993), and states as follows:

**Qualifications**

Plaintiff concedes that Mr. Nielsen is not qualified to offer medical opinions. Plaintiff's rebuttal to Mr. Nielsen's lack of medical qualifications is that Federal Rule of Evidence 703 permits Mr. Nielsen to assume the medical predicate established by the treating and expert physicians. However, Rule 703 governs the "facts or data" an otherwise-qualified expert may rely upon in forming an opinion. It does not permit an expert to "simply repeat or adopt the findings of another expert without attempting to assess the validity of the opinions relied upon." *La Gorce Palace Condominium Association, Inc. v. Blackboard Specialty Insurance Company*, 586 F.

Supp.3d 1300, 1306 (S.D. Fla. 2022). Courts thus need to "ensure that an expert witness is sufficiently familiar with the reasoning or methodology" underlying the other expert's testimony. *Id*. Therefore, Rule 703 does not permit an unqualified expert to serve as a conduit for specialized expert opinions he himself cannot form.

This is significant as to both opinion #1 and opinion #3, which each rely upon a determination of when Plaintiff's medical condition would have been deemed sufficiently serious to warrant a medical evacuation and balancing that against when Plaintiff's medical condition would have been stable enough to withstand medical evacuation given the logistical constraints available. Because Mr. Nielsen is not qualified to offer medical opinions, he is similarly not qualified to assess the validity of the medical opinions he is purporting to base his opinions on. This concern should be further underscored by the fact that Mr. Nielsen wrote the report at issue before he ever reviewed the deposition testimony or reports of any of the treating physicians or the expert witnesses he now claims to rely upon to provide the basis for these opinions.

**Reliability**

Plaintiff's Response inaccurately states the law suggesting that the challenges to Mr. Nielsen's methodology should go to the weight of the expert evidence rather than the admissibility of the opinions and testimony. Federal Rule of Evidence 702 was amended effective December 1, 2023 to clarify that the burden is on the proponent to demonstrate by a preponderance of evidence that each opinion rests on sufficient facts and reflects a reliable application of the expert's methodology to the facts of the case. The Notes to this amendment explain that this new language was adopted specifically to address courts improperly applying Rule 702 by treating such challenges as questions of weight rather than admissibility. The cases relied upon by Plaintiff to

support his argument that these deficiencies should go to weight rather than admissibility all predate that amendment to Rule 702.

Therefore, the amended Rule 702 makes it explicit that the Court must determine that more likely than not the admissibility requirement has been met rather than allowing Plaintiff to deflect these arguments as going only to the weight of the evidence. That principle has been applied in the Eleventh Circuit in at least one maritime case holding that courts treating the sufficiency of an expert's basis and the application of the expert's methodology as questions of weight rather than admissibility have been incorrect. *Treminio v. Crowley Maritime Corporation*, 2023 WL 8004591 (M.D. Fla. Nov. 17, 2023). The burden of qualification, reliability, and helpfulness "rests on the proponent of the expert opinion," and Rule 702 requires the trial court to conduct an exacting analysis of the foundations of expert opinions. *United States v. Frazier*, 387 F.3d 1244 (11th Cir. 2004).

"An expert cannot rely on 'experience' without explaining in detail how the experience and other materials consulted support the opinion rendered." *Brashevitzky v. Reworld Holding Corp.*, 348 F.R.D. 107 (S.D. Fla. 2024). An opinion premised on real-world conditions the expert never investigated is "pure conjecture . . . the type of opinion that Rule 702 was intended to keep out." *Id.* "[I]f admissibility could be established merely by the *ipse dixit* of an admittedly qualified expert, the reliability prong would be, for all practical purposes, subsumed by the qualification prong." *Frazier*, 387 F.3d 1244.

Plaintiff concedes that Mr. Nielsen did not research the specific conditions of the involved ports on the dates in question including available berths, harbor pilot availability, or customs requirements and suggests those points should go to the weight of the evidence rather than the admissibility. Plaintiff has not supplied evidence that Mr. Nielsen employed a reliable

methodology applying sufficient facts to support his opinions as required for these opinions to be admissible at trial.

While Plaintiff has emphasized Mr. Nielsen's general experience working in the cruise line industry and his reliance upon location data to determine the location and speed of the vessel at any given time, his opinion that Mrs. O'Malley should have been medically disembarked sooner in a different port requires evidence that those ports would have been able to support a medical disembarkation at the time in question. It is not sufficient to establish simply that Mr. Nielsen's career has been "international" in scope to address his qualifications to speak to the feasibility of a medical evacuation in a Mexican port. Plaintiff has failed to provide evidence that Mr. Nielsen has sufficient basis to speak to the feasibility of a medical evacuation in a Mexican port where he conceded he has not reviewed the port-authority procedures or researched the availability of a pilot or berth on the dates in question.

Mr. Nielsen has not supplied sufficient factual basis or reliable methodology to support the logical conclusion of this opinion, which would be that once the ship gets into port, Plaintiff could have been safely and timely medically disembarked. Plaintiff has only provided evidence of the data and methodology Mr. Nielsen utilized to determine when the cruise ship could have possibly reached the various ports. Plaintiff's concession that those details were deliberately excluded from Mr. Nielsen's opinions and go to weight is not supported by the standard in the current formulation of Rule 702 and instead the failure to research those details is evidence that Mr. Nielsen's opinion lacks reliable factual basis and methodology.

WHEREFORE, Defendant, PRINCESS CRUISE LINES, LTD., respectfully requests that this Court enter an Order precluding Gerald Nielsen from rendering any expert opinions as outlined in his opinions #1 and #3, and for any further relief this Courts deems just and proper.

Respectfully submitted,

GrayRobinson, P.A.
515 North Flagler Drive, Ste. 650
West Palm Beach, Florida 33401
Tel: (561) 268-5727
Fax: (561) 268-5747

By: */s/ Charles J. Roussin*
Michael J. Drahos
Florida Bar No. 0617059
michael.drahos@gray-robinson.com
Ashley N. Genoese
Florida Bar No. 1019357
ashley.genoese@gray-robinson.com
Charles J. Roussin
Florida Bar No. 1010409
charles.roussin@gray-robinson.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 8, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

*/s/ Charles J. Roussin*

**SERVICE LIST**
**CASE NO. 1:25-cv-24748-KMW**

Thomas B. Scolaro, Esq.
Scolaro Law
1728 Coral Way, Suite 702
Miami, Florida 33145
Tel: (305) 424-2300
Fax: (305) 424-2140
tom@usinjury.law

Laurence M. Krutchik, Esq.

LMK Legal
7450 SW 172nd Street
Palmetto Bay, Florida 33157
Tel: (305) 527-6866
Fax: (305) 433-2334
lmk@lmklegal.com

*Attorneys for Plaintiff*